IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MOTT'S LLP, a Delaware limited liability partnership; and DOES 1 through 10, inclusive,<br><br>  Defendants._____ / | No. CV 13-3482 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Now before the Court is a motion by defendant Mott's LLP ("Mott's) to dismiss plaintiff's class action complaint. For the reasons below, the Court GRANTS IN PART and DENIES IN PART Mott's motion to dismiss with leave to amend. If plaintiff wishes to amend his complaint, he must do so by **February 24, 2014.**

### BACKGROUND

This is a consumer class action. Defendant Mott's is the manufacturer of various food products containing the statement "No Sugar Added" on their labels and/or packaging. Docket No. 29, First Amended Complaint ("FAC") ¶¶ 1-2, 6. Plaintiff Mohammed Rahman alleges that the use of the statement "No Sugar Added" on Mott's 100% Apple Juice, Natural Applesauce, Healthy Harvest Sauce

Blueberry Delight, Healthy Harvest Sauce Country Berry, Mott's Healthy Harvest Sauce Granny Smith, Healthy Harvest Sauce Peach Medley, Medleys Cherry Berry Fruit and Veggie Snack, Medleys Peach Apple Fruit and Veggie Snack, and Snack and Go Strawberry Applesauce Pouch (the "Class Products") does not comply with the applicable Food and Drug Administration ("FDA") regulations, specifically 21 C.F.R. § 101.60(c)(2). *Id.* ¶¶ 2, 8-15. Plaintiff further alleges that defendant's failure to comply with the FDA regulations violates California's Sherman Law ("Sherman Law"), California Health and Safety Code § 109875 et seq. *Id.* ¶¶ 2, 17-18. Plaintiff alleges that he purchased Mott's Original 100% Apple Juice and Mott's Natural Applesauce after reading and relying on the products' "No Sugar Added" labeling. *Id.* ¶¶ 33-34. Plaintiff alleges that he would not have purchased the products if they did not contain the "No Sugar Added" labels. *Id.* ¶ 34.

On June 13, 2013, plaintiff filed a class action complaint in San Francisco County Superior Court against defendants Mott's and Dr. Pepper Snapple Group, Inc. ("Dr. Pepper"), alleging causes of action for: (1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq; (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500 et seq; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq; (4) negligent misrepresentation; and (5) breach of quasi-contract. Compl. ¶¶ 67-76. On July 26, 2013, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b) based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Docket No. 1, Notice of Removal. On August 30, 2013, plaintiff voluntarily dismissed Dr. Pepper. Docket No. 21. On August 30, 2013, defendant Mott's filed a motion to dismiss, Docket No. 22, and on September 30, 2013, plaintiff filed a first amended complaint ("FAC"), mooting the original motion to dismiss. Docket No. 29. By the present motion, defendant Mott's moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all of the causes of action in plaintiff's FAC. Docket No. 23.

///

///

2

# LEGAL STANDARD

## I. Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears that subject matter jurisdiction may be lacking. *See* Fed. R. Civ. Proc. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, it must dismiss the case. *Id.*

## II. Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     Plaintiff's Mislabeling Allegations**

Defendant argues that the FAC should be dismissed because plaintiff fails to allege that defendant's labeling violates FDA regulations governing the use of "No Sugar Added" statements. Def.'s Mot. at 5-14. In response, plaintiff argues that he has adequately alleged that the Class Products violate California law by failing to comply with 21 C.F.R. §§ 101.60(c)(2)(ii), (iv), (v). Docket No. 36, Pl.'s Opp'n at 5-12.

All of the claims in the FAC are premised on plaintiff's contention that defendant's products are mislabeled under California's Sherman Law and FDA regulations. FAC ¶¶ 55-57, 63-64, 76-78, 85, 90.

4

California's Sherman Law broadly prohibits the misbranding of food. *Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1086 (2008) (citing Cal. Health & Safety Code § 110765). The Sherman Law incorporates all food labeling regulations and any amendments to those regulations adopted pursuant to the Food, Drug, and Cosmetic Act of 1938 ("FDCA") as the food labeling regulations of California. *Id.* at 1087; Cal. Health & Safety Code § 110100(a); *see also* Cal. Health & Safety Code §§ 110665, 110670. The relevant FDCA labeling regulation, 21 C.F.R. § 101.60(c)(2), provides:

> The terms "no added sugar," "without added sugar," or "no sugar added" may be used only if:
>
> (i) No amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and
>
> (ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and
>
> (iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and
>
> (iv) The food that it resembles and for which it substitutes normally contains added sugars; and
>
> (v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.

### A. 21 C.F.R. § 101.60(c)(2)(ii)

Plaintiff alleges that the Class Products fail to comply with section 101.60(c)(2)(ii) because the products contain concentrated fruit juice as an ingredient. FAC ¶¶ 11-12, 15. Defendant argues that plaintiff's allegations are insufficient because six of its products do not contain concentrated fruit juice as an ingredient, and the other products do not use concentrated fruit juice as a sweetener. Def.'s Mot. at 6-9.

In order to use the term "No Sugar Added," section 101.60(c)(2)(ii) requires that the product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice. 21 C.F.R. § 101.60(c)(2)(ii). Plaintiff argues that this section provides a blanket prohibition against using the term "No Sugar Added" if the product contains any concentrated fruit juice as an ingredient.

5

Pl.'s Opp'n at 10. However, this interpretation does not comply with the formal position of the FDA regarding "No Sugar Added" labeling. The FDA has advised that the use of concentrated fruit juice will not necessarily preclude the use of a "No Sugar Added" claim.[1] *See* 58 Fed. Reg. 2302, 2327-28 (Jan. 6, 1993). Specifically, the FDA explained that "the addition of water to a juice concentrate to produce a single strength juice[2] would not preclude the use of a 'no added sugar' claim" as long as the other conditions for the claim are still met. *Id.* at 2328. The FDA also explained that "the addition of a concentrate of the same juice to achieve uniformity would not, in itself, preclude the use of a 'no sugar added' claim, provided, the other conditions for the claim are met. If a concentrate of another juice were added for the purpose of increasing the sugar content of the finished juice, the product could not bear a 'no sugar added' claim." *Id.* at 2327-28. Thus, according to the FDA, fruit juice concentrate may be used in a food product as long as its purpose is not to increase the sugar content of the finished product. *See also id.* at 2328 (explaining that the regulations do not preclude "the use of enzymes or other processes where the intended functional effect of the process is not to increase the sugars content of a food, even though an increase in sugars that is functionally insignificant does occur").

Plaintiff argues that the requirement that the ingredient be used to increase the sugar content of the finished product only applies to section 101.60(c)(2)(i), not 101.60(c)(2)(ii). Pl.'s Opp'n at 10-11. The Court disagrees. Under plaintiff's interpretation of the regulations, the term "No Sugar Added" could never be used if the product contained any amount of concentrated fruit juice, but that is directly contrary to FDA's position which allows concentrated fruit juice to be used in certain circumstances. *See* 58 Fed. Reg. at 2327-28.

Here, plaintiff only alleges that the Class Products are made from concentrated fruit juice. FAC ¶¶ 11-12, 15. Plaintiff does not allege facts showing that the inclusion of concentrated fruit juice as an ingredient in the products was for the purpose of increasing the sugar content of the finished product.

---

[1] 21 C.F.R. § 10.85(d)(1) provides that "[a] statement of policy or interpretation made in . . . [a]ny portion of a FEDERAL REGISTER notice other than the text of a proposed or final regulation" will constitute an advisory opinion. 21 C.F.R. § 10.85(e) further provides: "An advisory opinion represents the formal position of FDA on a matter." *See also* 21 C.F.R. § 10.85(j) ("An advisory opinion may be used in administrative or court proceedings to illustrate acceptable and unacceptable procedures or standards, but not as a legal requirement.").

[2] The FDA regulations define single-strength juice as 100% juice. 21 C.F.R. § 101.30(h)(1).

6

1  Therefore, plaintiff has failed to sufficiently allege that the Class Products fail to comply with section
2  101.60(c)(2)(ii).[3]

### B.   21 C.F.R. § 101.60(c)(2)(v)

Plaintiff alleges that the Class Products fail to comply with section 101.60(c)(2)(v) because the products do not state on their labels that the product is not "low calorie" or "calorie reduced." FAC ¶¶ 11-13. Defendant argues that plaintiff fails to allege sufficient facts showing that the Class Products do not qualify as "calorie reduced." Def's Mot. at 11-14.

In order to use the term "No Sugar Added," section 101.60(c)(2)(v) requires that the product bear a statement that the food is not "low calorie" or "calorie reduced" unless the food meets the requirements for a "low" or "reduced calorie" food. 21 C.F.R. § 101.60(c)(2)(v). The term "reduced calorie" may be used if the food contains at least 25 percent fewer calories per reference amount customarily consumed than an appropriate reference food as described in § 101.13(j)(1). 21 C.F.R. § 101.60(b)(4). Section 101.13(j)(1)(i)(B) provides: "For . . . 'reduced,' . . . claims, the reference food shall be a similar food (e.g., potato chips as a reference for potato chips, one brand of multivitamin for another brand of multivitamin) . . . ." Section 101.13(j)(1)(ii) further requires that the appropriate reference food "is the manufacturer's regular brand, another manufacturer's regular brand, or a representative value for a broad base of foods of the particular type." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 94 (D. N.J. 2011) (citing 58 Fed. Reg. at 2362); *accord* 21 C.F.R. § 101.13(j)(1)(ii).

In the FAC, plaintiff alleges that the Class Products do not qualify as "reduced calorie" food because they have the same, or substantially similar, caloric content as the proper reference food. FAC ¶¶ 11, 13. As to defendant's 100% Apple Juice, plaintiff alleges that it contains the same or a

---

[3] In addition, the Court rejects plaintiff's contention that under the regulations, puree concentrate is the same as fruit juice concentrate. In making this argument, plaintiff relies on the definition of "Juice" provided in the FDA Food Code. *See* FAC ¶ 15 n.6; Pl.'s Opp'n at 11-12. The FDA Food Code expressly states that the term "Juice" only includes purees or concentrates if they are "used as BEVERAGES or ingredients of BEVERAGES." *See* FDA Food Code § 1-201.10(B), available at http://www.fda.gov/Food/GuidanceRegulation/RetailFoodProtection/FoodCode/ucm186464.htm. "Beverage" is defined as "a liquid for drinking, including water." *Id.* Plaintiff does not allege that defendant is using puree concentrate in its beverages. To the contrary, plaintiff alleges that the puree concentrate is used in defendant's sauces. FAC ¶ 15.

7

substantially similar number of calories as "other comparable apple juice products offered by Mott's competitors." *Id.* ¶ 11. As to defendant's sauce products, plaintiff alleges, for example, that Mott's Natural Apple sauce contains slightly more calories than Treetop and Kroger's natural, unsweetened applesauce. FAC ¶ 13. Plaintiff also alleges that Mott's Snack and Go Strawberry Applesauce Pouch contains only slightly fewer calories than Treetop's Strawberry Applesauce pouches. *Id.* Plaintiff's reference to these competitor products is insufficient by itself to allege that the Class Products do not qualify as reduced calorie foods under section 101.60(b)(4). Under section 101.60(b)(4), a food is considered "reduced calorie" if the food contains at least 25 percent fewer calories per reference amount than an appropriate reference food. 21 C.F.R. § 101.60(b)(4). Section 101.13(j)(1)(ii) is written in the disjunctive, and provides that an appropriate reference food may be similar food that is either the manufacturer's regular product, another manufacturer's product, or the appropriate representative value for that particular type of food. *See* 21 C.F.R. § 101.13(j)(1)(ii); *Smajlaj*, 782 F. Supp. 2d at 94. Therefore, under the regulations, there are three avenues for a particular food to be considered "reduced calorie." The food can qualify as reduced calorie so long as it contains at least 25 percent fewer calories per reference amount than similar food that is either the manufacturer's regular product, any other manufacturer's product, or the appropriate representative value for that type of food. Plaintiff's allegations only address one of the three avenues—the Class Products when referenced against other manufacturers' products. FAC ¶¶ 11, 13. Plaintiff does not allege that the Class Products could not qualify as "reduced calorie" when referenced against defendant's regular products or the appropriate representative values for those types of food. Therefore, plaintiff has failed to sufficiently allege that the Class Products cannot qualify as "reduced calorie" foods under section 101.60(b)(4). Because plaintiff has failed to allege sufficient facts showing that the Class Products do not qualify as "reduced calorie" foods, plaintiff has failed to properly allege that the Class Products fail to comply with section 101.60(c)(2)(v).

### C. 21 C.F.R. § 101.60(c)(2)(iv)

Plaintiff alleges that the Class Products fail to comply with section 101.60(c)(2)(iv) because none of the products resemble and substitute for foods that normally contain added sugar. FAC ¶¶ 11-12, 14.

8

Defendant argues that plaintiff fails to allege sufficient facts to support this contention. Def.'s Mot. at 10-11.

In order to use the term "No Sugar Added," section 101.60(c)(2)(iv) requires that the food that the product resembles and for which it substitutes[4] normally contains added sugars. 21 C.F.R. § 101.60(c)(2)(iv). In the FAC, plaintiff alleges that defendant's apple juice does not resemble and substitute for food that normally contains added sugar because other brands of apple juice generally do not contain added sugar due to the substantial inherent sugar content of apple juice. FAC ¶ 11. Accordingly, plaintiff has sufficiently alleged that the food that defendant's 100% Apple Juice resembles and for which it substitutes does not normally contain added sugar and, therefore, has properly alleged a violation of section 101.60(c)(2)(v) as to this product.[5]

However, plaintiff does not allege that other brands of apple sauce generally do not contain added sugar. Specifically, plaintiff alleges in the FAC, "none of Mott's Sauce Products resemble and substitute for foods that normally contain added sugar. (*Compare* Mott's Natural Applesauce with Treetop Natural Applesauce)." FAC ¶ 14. Plaintiff's citation to a single competitor's applesauce is insufficient to allege that defendant's sauce products violate section 101.60(c)(2)(iv). Section 101.60(c)(2)(iv) requires that the food that the product resembles and for which it substitutes normally contains added sugars. An allegation that one particular type of applesauce does not contain added sugar is not the same as an allegation that applesauce normally does not contain added sugar. Accordingly, plaintiff has failed to sufficiently allege that defendant's sauce products fail to comply with section 101.60(c)(2)(v).

///

///

---

[4] 21 C.F.R. § 101.13(d) provides: "A 'substitute' food is one that may be used interchangeably with another food that it resembles, i.e., that it is organoleptically, physically, and functionally (including shelf life) similar to, and that it is not nutritionally inferior to unless it is labeled as an 'imitation.'" As an example, the FDA states that the food "no salt added" canned corn resembles and for which it substitutes is canned corn, not frozen corn. 58 Fed. Reg. at 2325; *see also* 56 Fed. Reg. 60421, 60432 (Nov. 27, 1991) (stating that "sodium free Italian bread" is a substitute for Italian bread).

[5] Defendant argues that other types of juices contain added sugar, such as Cranberry Apple Juice Cocktail and Cranberry Apple Raspberry Juice. Def's Mot. at 10-11. But, defendant has failed to explain how its 100% Apple Juice product would qualify as a "substitute" for these juices under the regulations.

9

D.   Conclusion

In sum, plaintiff has failed to properly allege that the defendant's sauce products are mislabeled under federal and state law, and plaintiff has only properly alleged that defendant's 100% Apple Juice is mislabeled because it fails to comply with 21 C.F.R. § 101.60(c)(2)(v). Because all of the claims in the FAC are premised on plaintiff's contention that the Class Products are mislabeled, the Court dismisses all of plaintiff's claims against defendant's sauce products.[6] The Court will address plaintiff's claims as they relate to defendant's 100% Apple Juice below.

## II.   Primary Jurisdiction

Defendant argues that the Court should dismiss the action under the primary jurisdiction doctrine and refer the case to the FDA. Def.'s Mot. at 14-15. "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). "[T]he doctrine is a 'prudential' one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* "The doctrine does not, however, 'require that all claims within an agency's purview be decided by the agency.'" *Davel Communs., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1087 (9th Cir. 2006).

Although no fixed formula exists for applying the doctrine, the Ninth Circuit has traditionally examined the following factors: "'(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.'" *Clark*, 523 F.3d at 1115. The Ninth Circuit has explained that the doctrine "is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a

---

[6] In its motion, defendant argues that plaintiff lacks standing to assert claims based on products that he did not purchase, specifically defendant's Healthy Harvest, Medleys, and Snack and Go products. Def.'s Mot. at 13-14. Because the Court dismisses plaintiff's claims against those products, defendant's lack of standing argument is moot.

10

1 regulatory agency." *Brown v. MCI Worldcom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002).

"[F]ood regulation is undoubtedly in the purview of, and an area of 'special competence' for, the FDA." *Morgan v. Wallaby Yogurt Co.*, 2013 U.S. Dist. LEXIS 144959, at *13 (N.D. Cal. Oct. 4, 2013). However, this case does not present an issue of first impression. The FDA has provided express guidance on the use of the term "No Sugar Added." *See* 21 C.F.R. § 101.60(c)(2). Courts in this district have declined to stay or dismiss cases under the primary jurisdiction doctrine in the food labeling context where "the FDA has made its position on the labels at issue reasonably clear and is not actively engaged in revising the applicable regulations or policy." *Bruton v. Gerber Prods. Co.*, 2013 U.S. Dist. LEXIS 129241, at *46 n.13 (N.D. Cal. Sept. 6 2013); *see also Ivie v. Kraft Foods Global, Inc.*, 2013 U.S. Dist. LEXIS 93940, at *25 (N.D. Cal. Jun. 28, 2013) ("[P]laintiff's case does not require this court to determine difficult issues of first impression better left to the FDA's expertise, but instead only requires the application of well-understood FDA regulations directly on point."). Moreover, the case does not involve particularly complicated issues as the Court is "well-equipped to handle" claims asserting "that defendant has violated FDA regulations and marketed a product that could mislead a reasonable consumer." *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1124 (N.D. Cal. 2010); *see also Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 898-99 (N.D. Cal. 2012) ("[A]llegations of deceptive labeling do not require the expertise of the FDA to be resolved in the courts, as every day courts decide whether conduct is misleading."). Accordingly, the Court declines to dismiss the action pursuant to the primary jurisdiction doctrine.

### III.   Plaintiff's UCL, FAL, and CLRA Claims

Plaintiff alleges causes of action against defendant for violations of the UCL, the FAL, and the CLRA. FAC ¶¶ 53-82. Defendant argues that dismissal of these three claims is appropriate because plaintiff has failed to allege facts showing that a reasonable consumer would be deceived by Mott's "No Sugar Added" labeling. Def.'s Mot. at 15-19.

11

A.   The Unlawful Prong of the UCL

California's UCL prohibits "any unlawful . . . business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). Virtually any law—federal, state or local—can serve as a predicate for an action under the unlawful prong of the UCL. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (2010).

Defendant argues that plaintiff's UCL claim should be dismissed for failure to allege facts that would satisfy the reasonable consumer test. However, the reasonable consumer test does not apply to claims brought under the unlawful prong of the UCL. *See Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 n.9 (2007); *Gitson v. Trader Joe's Co.*, 2013 U.S. Dist. LEXIS 144917, at *19 n.5 (N.D. Cal. Oct. 4, 2013); *see also Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) ("Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as unfair or deceptive even if not unlawful and vice versa." (internal quotation marks omitted)). Plaintiff's UCL claim is brought under the unlawful prong in addition to the fraudulent prong. FAC ¶¶ 55. As explained above, plaintiff has sufficiently alleged that defendant's 100% Apple Juice fails to comply with 21 C.F.R. § 101.60(c)(2)(v), and, thus, violates California's Sherman Law. Accordingly, plaintiff has properly stated a claim against defendant's 100% Apple Juice for violation of the unlawful prong of the UCL, and the Court denies defendant's motion to dismiss this claim.[7]

---

[7] In its reply, defendant argues that plaintiff's "unlawful" UCL claim requires proof of reliance. Docket No. 37, Def.'s Reply at 12-13. Although the Court agrees that the claim requires proof of reliance, *see Figy v. Amy's Kitchen, Inc.*, 2013 U.S. Dist. LEXIS 167723, at *6-11 (N.D. Cal. Nov. 25, 2013), defendant does not argue that plaintiff has failed to allege actual reliance on the labeling at issue. In the FAC, plaintiff alleges that he read the "No Sugar Added" label prior to purchasing defendant's products, and that he would not have bought the products if they did not contain the "No Sugar Added" labeling. FAC ¶¶ 33-34.

12

### B. The FAL, the CLRA, and the Fraudulent Prong of the UCL

California's UCL prohibits any "fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." *Id.* § 17500. California's Consumer Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

False advertising claims under the FAL, the CLRA, and the fraudulent prong of the UCL are governed by the reasonable consumer standard. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Under the reasonable consumer standard, a plaintiff must show that members of the public are likely to be deceived. *Williams*, 552 F.3d at 938 ("The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." (internal quotation marks omitted)). The question of whether a business practice is deceptive is generally a question of fact not amenable to determination on a motion to dismiss. *Id.* Nevertheless, "where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Werbel v. Pepsico, Inc.*, 2010 U.S. Dist. LEXIS 76289, at *8-9 (N.D. Cal. Jul. 2, 2010); *see also Williams*, 552 F.3d at 939 (explaining that dismissal is appropriate where "it was not necessary to evaluate additional evidence regarding whether the advertising was deceptive, since the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived").

Moreover, under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). The Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standard applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *See id.* at 1103-06; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To satisfy Rule 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)); *see also In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548

13

(9th Cir. 1994) ("[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.").

In the FAC, plaintiff alleges that defendant's "No Sugar Added" labeling is likely to mislead the consuming public into believing that the Class Products are healthier and contain less sugar than comparable products. FAC ¶ 34. These allegations are insufficient to satisfy Rule 9(b)'s heightened pleading standard. The labeling at issue merely states that the products contain "No Sugar Added." The labeling does not draw comparisons between the product and other products. Plaintiff has failed to explain in his allegations why reasonable consumers would be likely to draw product comparison conclusions based on the labeling at issue. Moreover, plaintiff has failed to allege what "comparable products" he is referring to in the complaint. Plaintiff also fails to allege whether these comparable products also contain the label "No Sugar Added." Therefore, plaintiff has failed to set forth sufficient facts explaining why the labeling is misleading.[8] *See Glenfed*, 42 F.3d at 1548 ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Accordingly, the Court dismisses plaintiff's claims under the FAL, the CLRA, and the fraud prong of the UCL against defendant's 100% Apple Juice.

### IV. Plaintiff's Claim for Negligent Misrepresentation

Plaintiff alleges a cause of action against defendant for negligent misrepresentation. FAC ¶¶ 83-87. Defendants argue that this claim should be dismissed because plaintiff has failed to identify any misrepresentations on the labels, and plaintiff's allegations fail to satisfy Rule 9(b). Def.'s Mot. at 23.

Under California law, to state a claim for negligent misrepresentation, plaintiff must allege that defendant made: (1) a misrepresentation of a past or existing material fact, (2) without reasonable

---

[8] In his opposition, plaintiff argues that there is no law requiring that for a product to be misleading, the consumer must draw comparisons between that product and a competing product. Pl.'s Opp'n at 15. Although the Court agrees that there is no such law, there is a law requiring plaintiff to explain in his allegations why defendant's labeling is misleading. *See* Fed. R. Civ. P. 9(b); *Glenfed*, 42 F.3d at 1548. Because plaintiff alleges that the labeling is misleading because it causes the consuming public to believe that the Class Products are healthier and contain less sugar than comparable products, plaintiff must explain in his allegation why a reasonable consumer is likely to draw those inferences based on the labeling.

14

1 ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, 2 (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was 3 directed, and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201, n. 2 (9th Cir. 4 2001). "It is well-established in the Ninth Circuit that both claims for fraud and negligent 5 misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of* 6 *California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also, e.g.*, *Vidor v. Am. Int'l Group,* 7 *Inc.*, 491 Fed. App'x 828, 829 (9th Cir. 2012) (holding that a district court properly dismissed plaintiff's 8 fraud and negligence misrepresentation claims for failure to satisfy Rule 9(b)'s particularity 9 requirement).

10 In the FAC, plaintiff alleges: "Mott's knew, or should have known by the exercise of reasonable 11 care, that a 'No Sugar Added' claim may not be placed on the label of a food or beverage product that 12 contains fruit juice concentrate, and/or that does not resemble and substitute for a food that normally 13 contains added sugars, and/or that fails to indicate it is not a low or reduced calorie food." FAC ¶ 85. 14 Because this claim relies on allegations of fraud that the Court has found insufficient with respect to 15 plaintiff's other claims, *see supra* sections I.A, I.B, III.B, those allegations are insufficient to plead a 16 misrepresentation with respect to this cause of action.

17 In addition, plaintiff has failed to plead justifiable reliance. "In addition to pleading actual 18 reliance, the plaintiff must set 'forth facts to show that his or her actual reliance on the representations 19 was justifiable, so that the cause of the damage was the defendant's wrong and not the plaintiff's fault.'" 20 *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1066 (2012). "There must be more pled than a simple 21 statement plaintiff justifiably relied on the statements. The complaint must contain 'allegations of facts 22 showing that the actual inducement of plaintiffs . . . was justifiable or reasonable.'" *Id.* at 1066-67. In 23 the FAC, plaintiff simply alleges that he relied on the "No Sugar Added" labels. FAC ¶¶ 34, 86. 24 Plaintiff does not allege any facts showing that his reliance on the statements was justifiable. 25 Accordingly, the Court dismisses plaintiff's claim for negligent misrepresentation.

26
27
28

15

**V.     Plaintiff's Claim for Breach of Quasi-Contract**

Plaintiff alleges a cause of action against defendant for breach of quasi-contract. FAC ¶¶ 88-92. Defendant argues that this claim should be dismissed because the claim is not an independent cause of action under California law, and the claim is duplicative of the remedies sought under plaintiff's other causes of action. Def.'s Mot. at 23-24. Plaintiff argues that he may plead, in the alternative, claims for restitution based on quasi-contract. Pl.'s Opp'n at 20-21.

Under California law, unjust enrichment is "not a cause of action . . . or even a remedy, but rather a principle, underlying various legal doctrines and remedies. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004). There are several potential bases for a cause of action seeking restitution, including "'where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory.'" *Durell*, 183 Cal. App. 4th at 1370 (quoting McBride, 123 Cal. App. 4th at 388). "'In such cases, where appropriate, the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment.'" *Id.*

Here, plaintiff alleges through defendant's unlawful and deceptive misbranding of the Class Products, defendant has obtained the benefit of plaintiff's payments for the products. FAC ¶ 90. Although the Court has found several of plaintiff's allegations regarding defendant's misconduct to be insufficient, the Court has found that plaintiff has properly alleged that defendant's 100% Apple Juice is mislabeled under 21 C.F.R. § 101.60(c)(2)(iv). Therefore, plaintiff has properly pleaded a cause of action for breach of quasi-contract with respect to this alleged misconduct. However, this claim is inconsistent with plaintiff's tort claims. Therefore, to the extent that plaintiff is ultimately able to prevail under a tort theory, he will be precluded from also recovering under this claim. *See Larsen v. Trader Joe's Co.*, 2012 U.S. Dist. LEXIS 162402, at *21 (N.D. Cal. Jun. 14, 2012); *Oracle Corp. v. SAP AG*, 2008 U.S. Dist. LEXIS 103300, at *24 (N.D. Cal. Dec. 15, 2008). Accordingly, the Court declines to dismiss plaintiff's claim for breach of quasi-contract.

16

### VI. Plaintiff's Standing to Seek Injunctive Relief

Defendant argues that plaintiff lacks article III standing to seek injunctive relief because plaintiff has not alleged that he intends to continue purchasing the Class Products. Def.'s Mot. at 20-23. To have standing to obtain injunctive relief, a plaintiff must allege that a "real or immediate threat" exists that he will be wronged again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o establish standing to pursue injunctive relief, . . . [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future."). The alleged threat cannot be "conjectural" or "hypothetical." *Lyons*, 461 U.S. at 101-02. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Defendant argues that plaintiff lacks standing for injunctive relief because plaintiff is now fully aware of the alleged misrepresentations. This Court has previously rejected this argument. *See Larsen*, 2012 U.S. Dist. LEXIS 162402, at *10-12. "[W]ere the Court to accept the suggestion that plaintiff['s] mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result." *Ries v. Ariz. Bevs. United States LLC, Hornell Brewing Co.*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (citing *Henderson v. Gruma Corp.*, 2011 U.S. Dist. LEXIS 41077, at *19-20 (C.D. Cal. Apr. 11, 2011)). However, the Court agrees with defendant that to establish standing, plaintiff must allege that he intends to purchase the products at issue in the future.[9] *See Jou v. Kimberly-Clark Corp.*, 2013 U.S. Dist. LEXIS 173216, at *13 (N.D. Cal. Dec. 10, 2013) (rejecting "Plaintiffs' contention that it is unnecessary for them to maintain any interest in purchasing the products in the future" in order to establish Article III standing for injunctive relief); *see also Ries*, 287 F.R.D. at 533-34 (finding that plaintiffs had standing to pursue injunctive relief where they alleged that they intended to purchase the products in the future); *Delarosa v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 188828, at *7-17 (N.D. Cal. 2012) (finding plaintiff lacked standing where she did not dispute that she does not intend to purchase the product in the future). Here,

---

[9] The Court declines to follow its prior analysis in *Larsen*, 2012 U.S. Dist. LEXIS 162402 and *Koehler v. Litehouse, Inc.*, 2012 U.S. Dist. LEXIS 176971 (N.D. Cal. Dec. 13, 2012) to the extent it conflicts with the above analysis.

17

plaintiff has failed to allege that he intends to purchase the Class Products again in the future. Accordingly, the Court dismisses plaintiff's demand for injunctive relief.

## CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the complaint and GRANTS plaintiff leave to amend the complaint. Docket No. 31. If plaintiff wishes to amend the complaint, plaintiff must do so by **February 24, 2014**.

**IT IS SO ORDERED.**

Dated: January 29, 2014

SUSAN ILLSTON
United States District Judge