Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Mark S. Greenstone (SBN 199606)
Mark.Greenstone@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

Attorneys for Plaintiff Mohammed Rahman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>MOTT'S LLP, a Delaware limited liability partnership, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 3:13-cv-03482-SI<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*);<br>(3)  Violation of the Consumers Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq.*);<br>(4)  Negligent Misrepresentation; and<br>(5)  Breach of Quasi-Contract.<br><br>**Jury Trial Demanded As To All Claims That Are So Triable** |

**CLASS ACTION COMPLAINT**

Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1.      Plaintiff MOHAMMED RAHMAN (hereinafter "Plaintiff") brings this class action Complaint against Defendant MOTT'S LLP (hereinafter, "Defendant" or "Mott's") to stop Defendant's practice of releasing misbranded apple juice into the stream of commerce and to obtain redress for all California residents injured by this conduct.

2.      Specifically, this action arises out of unlawful "No Sugar Added" statements placed by Mott's on the label and/or packaging of its "Mott's 100% Apple Juice" product. Food and Drug Administration ("FDA") regulations promulgated pursuant to the Food, Drug, and Cosmetic Act of 1938 ("FDCA") specify the precise nutrient content claims concerning sugar that may be made on a food label.  21 C.F.R. § 101, Subpart D.  Mott's "No Sugar Added" label fails to comply with these requirements, as set forth below.  As a result, Mott's has violated California's Sherman Law and California consumer protection statutes, which wholly adopt the federal requirements.

3.      This action is not pre-empted by federal law.  State law claims based on a food product's non-conforming, misleading, or deceptive label are expressly permitted where, as here, they impose legal obligations identical to the FDCA and corresponding FDA regulations, including FDA regulations concerning food and nutrition labeling and content claims.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

4.      According to the American Heart Association, most Americans consume more than double the daily recommended amount of added sugars.[1]  The steady increase in added sugar consumption over the past thirty years has led to an obesity epidemic in the United States, which has the highest level of obesity among industrialized nations.[2]  Moreover, even

---

[1] *See* http://www.heart.org/HEARTORG/GettingHealthy/NutritionCenter/Sugars-101_UCM_306024_Article.jsp (last visited June 1, 2013).

[2] *See, e.g.*, "US and Global Obesity Levels:  The Fat Chart – Obesity – Procon.org"

SECOND AMENDED CLASS ACTION COMPLAINT

in non-obese individuals, excess sugar consumption can have negative health consequences. Overconsumption of sugar is associated with a variety of health problems, many of which can cause serious complications or death, including, but not limited to, heart disease, tooth decay, diabetes, and cancer. As a result, consumers have become increasingly sugar- and calorie-conscious.

5. Mott's is the "#1 branded apple juice" in the United States according to their 2012 Annual Report.[3]

6. To profit from the public's well-placed, increasing focus on sugar consumption and overall caloric content, Mott's has prominently featured a "No Sugar Added" statement on the label and/or packaging of its "100% Apple Juice." The image below depicts the "No Sugar Added" claim as featured on Mott's 100% Apple Juice label[4] (the offending label at issue in this complaint, depicted below, shall hereinafter be referred to as the "No Sugar Added Label"):



7. The FDCA provides the FDA with the authority to oversee the safety of food, drugs and cosmetics. 21 U.S.C. § 301, *et seq.* Pursuant to this authority, the FDA has

http://obesity.procon.org/view.resource.php?resourceID=004371 (last visited May 20, 2013).
[3] *See* "Dr Pepper Snapple Group – Annual Report 2012"
http://www.dpsgannualreport.com/smedia/www/assets/media/full_report.pdf. (last visited May 20, 2013).
[4] Not actual size.

promulgated regulations that spell out in painstaking detail what nutrient content claims may be made on food labels, and how they must be presented. The FDA regulations controlling nutrient content claims provide, in pertinent part:

> (a) **This section and the regulations in subpart D of this part apply to foods that are intended for human consumption and that are offered for sale, including conventional foods and dietary supplements.**
> (b) A claim that expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling under § 101.9 or under § 101.36 (that is, a nutrient content claim) may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation and with the applicable regulations in subpart D of this part or in part 105 or part 107 of this chapter.
> (1) **An expressed nutrient content claim is any direct statement about the level (or range) of a nutrient in the food, e.g., "low sodium" or "contains 100 calories."**
> (2) An implied nutrient content claim is any claim that:
> (i) Describes the food or an ingredient therein in a manner that suggests that a nutrient is absent or present in a certain amount (e.g., "high in oat bran"); or
> (ii) Suggests that the food, because of its nutrient content, may be useful in maintaining healthy dietary practices and is made in association with an explicit claim or statement about a nutrient (e.g., "healthy, contains 3 grams (g) of fat")

21 C.F.R. §101.13 (emphasis added).

8.    21 C.F.R. Section 101, Subpart D, in turn, regulates nutrient content claims regarding sugar and specifically provides that the phrase "no sugar added" may not be made on a food product *at all* if the food it resembles and for which it substitutes normally does not contain added sugars, or if it fails to bear a statement that it is not a low or reduced calorie food when in fact it is not a low or reduced calorie food:

> (c) *Sugar content claims --(1)Use of terms such as "sugar free," "free of sugar," "no sugar," "zero sugar," "without sugar," "sugarless," "trivial source of sugar," "negligible source of sugar," or "dietarily insignificant source of sugar."* Consumers may reasonably be expected to regard terms that represent that the food contains no sugars or sweeteners e.g., "sugar free," or "no sugar," as indicating a product which is low in calories or significantly reduced in calories. Consequently, except as provided in paragraph (c)(2) of this section, a food may not be labeled with such terms unless:
>
> (i) The food contains less than 0.5 g of sugars, as defined in 101.9(c)(6)(ii), per reference amount customarily consumed and

per labeled serving or, in the case of a meal product or main dish product, less than 0.5 g of sugars per labeled serving; and

(ii) The food contains no ingredient that is a sugar or that is generally understood by consumers to contain sugars unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietarily insignificant amount of sugar;" and

(iii)(A) It is labeled "low calorie" or "reduced calorie" or bears a relative claim of special dietary usefulness labeled in compliance with paragraphs (b)(2), (b)(3), (b)(4), or (b)(5) of this section, or, if a dietary supplement, it meets the definition in paragraph (b)(2) of this section for "low calorie" but is prohibited by 101.13(b)(5) and 101.60(a)(4) from bearing the claim; or

(B) Such term is immediately accompanied, each time it is used, by either the statement "not a reduced calorie food," "not a low calorie food," or "not for weight control."

**(2) The terms "no added sugar," "without added sugar," or "no sugar added" may be used only if:**

(i) No amount of sugars, as defined in 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and

(ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and

(iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and

**(iv) The food that it resembles and for which it substitutes normally contains added sugars; and**

**(v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.**

21 C.F.R 101, Subpart D, §101.60(c)(1)-(2) (emphasis added).

9.     A food product with a reference amount customarily consumed ("RACC") of greater than 30 grams is considered to be "low calorie" only if it does not provide more than 40 calories per RACC.  21 C.F.R. Section 101.60(b)(2)(i)(A).  A food product is considered to

be "calorie reduced" only when it contains at least twenty-five percent fewer calories per RACC than an appropriate reference food as described in Section 101.13(j)(1).  *Id*. at § 101.60(b)(4)(i).  Under Section 101.13(j)(1), an appropriate reference food for a reduced calorie claim is a similar competing product, such as one brand of potato chips compared to another; the manufacturer's regular product, such as the original manufacturer's product compared to a reformulated version of the same product; or an appropriate representative value for that type of food from, among other things, a valid database.

10.     These regulations are carefully crafted to require that nutrient content claims concerning the presence, and addition, of sugars in food products be presented in a qualified and contextualized manner so that consumers are not misled.  The FDA has explained: "In implementing the guidelines, the purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars.  Therefore, the 'no added sugar' claim is not appropriate to describe foods that do not normally contain added sugars."  58 Fed. Reg. 2302, 2327 (Jan. 6, 1993).  The FDA goes on to cite fruit juices as an example of a food group for which "no sugar added" claims are inappropriate due to their "substantial inherent sugar content."  *Id*.

11.     Mott's 100% Apple Juice is offered in virtually every supermarket, drugstore, and convenience store in this country, yet Mott's 100% Apple Juice (depicted above), which features the No Sugar Added Label, does not conform with the FDCA requirements and related regulations.  Mott's 100% Apple Juice prominently features the claim "No Sugar Added" on its front label notwithstanding the fact that there is no food that Mott's 100% Apple Juice resembles and for which it substitutes that normally contains added sugars.  The most closely related food products—other brands of apple juice—generally do not contain added sugars either, due to the substantial inherent sugar content of apple juice.  As a result, the use of the No Sugar Added Label is inappropriate and in violation of 21 C.F.R 101, Subpart D, Section 101.60(c)(2)(iv).

12.     Moreover, Mott's also fails to state that its 100% Apple Juice is not a "low

1  calorie" or "calorie reduced" product anywhere on its front or back label, notwithstanding the

2  fact that it contains 120 calories per RACC. This is about as many calories as a conventional

3  12 ounce soft drink and nearly three times greater than the 40 calories per RACC allowed to

4  qualify it as a low calorie food. Mott's 100% Apple Juice is therefore not a low calorie food.

5  Mott's 100% Apple Juice is not a reduced calorie food, either, for the following reasons: (1)

6  The caloric content per RACC of Mott's 100% Apple Juice is the same as, or substantially

7  similar to, the caloric content per RACC of other comparable apple juice products offered by

8  Mott's competitors. (2) Mott's 100% Apple Juice's caloric content is also greater than the

9  114 calories per eight ounce serving listed on the USDA National Nutrient Database for

10  Standard Reference for apple juice.[5] (3) Mott's offers no "regular" apple juice product for

11  which Mott's 100% Apple Juice is a substitute because Mott's 100% Apple Juice *is* its regular

12  product. That Mott's 100% Apple Juice is Defendant's regular product is evidenced by,

13  among other things, the fact that the juice bears the term "ORIGINAL" on its label, and by the

14  fact that Mott's offers an "Apple Juice Drink Light" product which states on its label, "50%

15  FEWER CALORIES THAN 100% APPLE JUICE," and which contains 50 calories per eight

16  ounce serving. It is this "Apple Juice Drink Light" product which could substitute for, and

17  has significantly less calories than, Mott's "regular" product (the 100% Apple Juice at issue

18  here), not the other way around. Thus, Mott's 100% Apple Juice does not have 25% fewer

19  calories than an appropriate reference food when measured against competitor products, an

20  appropriate representative value from a valid database, or its own regular product (i.e., itself).

21  Mott's 100% Apple Juice is therefore neither a low or reduced calorie food by any measure,

22  and Mott's failure to include a statement to this effect violates 21 C.F.R 101, Subpart D,

23  Section 101.60(c)(2)(v).

24      13.    In light of the foregoing, Mott's 100% Apple Juice bearing the No Sugar Added

25  Label is a misbranded product under applicable California law. By way of this Complaint,

---

[5] *See* U.S. Department of Agriculture, Agricultural Research Service: USDA National Nutrient Database for Standard Reference, Release 26, http://ndb.nal.usda.gov/ndb/search/list (search "Apple Juice"; then follow hyperlink for "09400 Apple Juice, canned or bottled, unsweetened, with ascorbic acid"; and input "8" in "Nutrient Unit, fl oz.") (last visited February 7, 2014).

1  Plaintiff seeks to impose requirements that are identical to and do not exceed the federal

2  requirements.

3       14.    Specifically, California's Sherman Law incorporates "[a]ll food labeling

4  regulations and any amendments to those regulations adopted pursuant to the FDCA" as "the

5  food labeling regulations of this state."  Cal. Health & Saf. Code § 110100(a).

6       15.    Moreover, the Sherman Law specifically adopts and incorporates specific

7  federal food laws and regulations.  Under California's Sherman Law, "[a]ny food is

8  misbranded if its labeling does not conform with the requirements for nutrient content or

9  health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the

10  regulations adopted pursuant thereto."  Cal. Health & Saf. Code § 110670  Similarly, a food

11  product is "misbranded if its labeling does not conform with the requirements for nutrition

12  labeling as set forth in Section 403(q) (21 U.S.C. § 343(q)) of the federal act and the

13  regulations adopted pursuant thereto."  Cal. Health  & Saf. Code § 110665.  A food product is

14  misbranded if words, statements, and other information required by the Sherman Law to

15  appear on its labeling are either missing or not sufficiently conspicuous.  Cal.  Health & Saf.

16  Code § 110705.  Finally, the Sherman Law holds "any food is misbranded if its labeling is

17  false or misleading in any particular."  Cal. Health & Saf. Code § 110660.

18       16.    State law claims based on a food product's non-conforming, misleading, or

19  deceptive label are expressly permitted when they impose legal obligations identical to the

20  FDCA and corresponding FDA regulations, including FDA regulations concerning food and

21  nutrition labeling and content claims.  *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077,

22  1094-95 (2008).  Mott's conduct thus constitutes a violation of California law for which

23  Plaintiff and class members are entitled to seek redress under the Unfair Competition Law

24  ("UCL"), Consumers Legal Remedies Act ("CLRA"), and other California consumer

25  protection statutes.

26       17.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to

27  cease circulation of misbranded Mott's 100% Apple Juice and an award of damages to the

28  class members, together with costs and reasonable attorneys' fees.

**PARTIES**

18.     Plaintiff MOHAMMAD RAHMAN is a citizen and resident of the State of California, County of San Francisco.

19.     Defendant MOTT'S LLP is a Delaware limited liability partnership with its principal office at 5301 Legacy Drive, Plano, Texas 75024.

20.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, MOTT'S LLP and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.  Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the Complaint and serve such fictitiously-named Defendants once their names and capacities become known.

21.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers, or employees of MOTT'S LLP,  at all relevant times.

22.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all the other Defendants in proximately causing the damages herein alleged.

23.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions as alleged herein.

**JURISDICTION**

24.     This is a class action.

25.     Plaintiff and other members of the Proposed Class are citizens of states different from the home state of Defendant.

26.     On information and belief, the aggregate claims of individual Class Members

1   exceed $5,000,000.00 in value, exclusive of interest and costs.

2       27.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

3                         **VENUE**

4       28.    Venue lies within this judicial district under 28 U.S.C. § 1391(a) and (c)

5   because Mott's LLP has sufficient contacts in this district such that personal jurisdiction is

6   appropriate, and a substantial part of the events and omissions giving rise to the claims

7   asserted in this Complaint and a substantial part of the property that is the subject of this

8   action are in this district.

9                  **PLAINTIFF'S FACTS**

10      29.    Plaintiff MOHAMMED RAHMAN is a health-conscious individual who is

11   currently afflicted with Type 2 Diabetes.  As such, he actively seeks out and purchases

12   products that are low in sugar and/or contain no added sugars.

13      30.    Through about March of 2013, Plaintiff regularly purchased Mott's 100%

14   Apple Juice about every two weeks at Lucky's, a grocery store in San Francisco, California.

15      31.    Before purchasing the misbranded apple juice, Plaintiff read and reasonably

16   relied upon the product packaging and, specifically, the No Sugar Added Label.  The No

17   Sugar Added Label caused Plaintiff to believe that Mott's 100% Apple Juice contained less

18   sugar than, and was healthier than, other 100% apple juices.  For example, while shopping,

19   Plaintiff observed that the label of Mott's competitor, Treetop, did not contain a "no sugar

20   added" claim.  This caused Plaintiff to believe that Mott's 100% Apple Juice contained less

21   sugar than, and was healthier than, Treetop's apple juice.  That is not, in fact, the case, and is

22   the very kind of misleading perception that the laws governing "no sugar added" claims were

23   designed to protect against.  The inclusion of the No Sugar Added Label on Mott's 100%

24   Apple Juice misled Plaintiff and is likely to mislead the consuming public to believe that its

25   100% Apple Juice contains less sugar and is healthier than comparable products when this is

26   not the case.  Had Plaintiff not observed and been deceived by the No Sugar Added Label on

27   Mott's 100% Apple Juice label, he would not have purchased it.

28      32.    Nevertheless, having purchased Mott's 100% Apple Juice, Plaintiff developed a

1    liking for and interest in the product, which is one of the major brands available to the public.

2    Accordingly, Plaintiff intends to purchase Mott's 100% Apple Juice in the future, but only in

3    reduced amounts consistent with his dietary restrictions.

4         33.    Plaintiff reasonably and justifiably relied on Mott's misleading label in light of

5    consumer shopping habits and the impression created by Mott's 100% Apple Juice label,

6    especially when viewed in context alongside competitor products, such as Treetop's 100%

7    apple juice and other brands.

8         34.    Mott's 100% Apple Juice, which contains approximately 120 calories per eight

9    ounce serving, sells on supermarket and drugstore shelves alongside competitor brands that

10   contain approximately the same amount of sugar and calories per ounce, *but which do not*

11   *make "no sugar added" claims*.  Such competitor brands of 100% apple juice *without* the No

12   Sugar Added Label include, but are not limited to: Treetop 100% Apple Juice (120 calories

13   per eight ounce serving); Safeway Kitchens 100% Apple Juice (110 calories per eight once

14   serving); First Street 100% Apple Juice (110 calories per eight ounce serving); Essential

15   Everyday 100% Apple Juice (120 calories per eight ounce serving); Wild Harvest Organic

16   100% Apple Juice (120 calories per eight ounce serving); and Santa Cruz Organic 100%

17   Apple Juice (120 calories per eight ounce serving)[6].

18        35.    Thus, the placement of a "no sugar added" claim on Mott's 100% Apple Juice,

19   which has significant intrinsic sugar content and which sells alongside competing brands with

20   similar nutritional values that do not contain "no sugar added" claims, is misleading and

21   causes a genuine risk of consumer deception.  This is because the "no sugar added" claim

22   suggests that there is something special about the Mott's 100% Apple Juice which

23   differentiates it from competing brands, *i.e.*, that it contains less sugar.

24        36.    Indeed, even viewed in isolation (without reference to competing products), the

25   "no sugar added" claim on Mott's 100% Apple Juice labeling is misleading.  Because Mott's

26   100% Apple Juice, which is intrinsically high in sugar, is not a type of food that normally

27

28   _____

[6] Calorie content per eight ounce serving, as indicated on the respective products'
nutrition facts panels.

contains added sugars, the No Sugar Added Label serves no useful purpose other than to confuse consumers into believing that this product is somehow especially healthy, low in calories, and/or low in sugar.  In fact, Mott's 100% Apple Juice is high in sugar and calories relative to many other beverages typically consumed by the public.  For example, an eight ounce serving of Mott's 100% Apple Juice (120 calories) contains more calories that an eight ounce serving of Coca-Cola Classic (only 97 calories)!

37.     Plaintiff did not know at the point of sale, and had no reason to know, that Mott's 100% Apple Juice bearing the No Sugar Added Label was misbranded and bore food labeling claims that Mott's was not legally permitted to make.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus seeks class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

39.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

40.     The classes Plaintiff seeks to represent (the "Classes") are defined as follows:

(1)     All California residents who purchased Mott's 100% Apple Juice manufactured by Defendant, with a label and/or packaging claiming "No Sugar Added", and which has a reference amount customarily consumed of greater than 30 grams and has more than 40 calories per reference amount customarily consumed, and which does not contain at least 25 percent fewer calories per reference amount customarily consumed than an appropriate reference food, but does not bear a statement that the food is not "low calorie" or "calorie reduced" and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content, between four years prior to the filing of the original complaint in this action until the date of certification.

(2)     All California residents who purchased Mott's 100% Apple Juice manufactured by Defendant, with a label and/or packaging claiming "No Sugar Added," and which does not resemble and substitute for a food that normally contains added sugars, between four years prior to the filing of the original complaint in this action until the date of certification.

41.     As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

42.     Excluded from the Classes are Mott's, its affiliates, employees, agents, and attorneys, and the Court.

43.     Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

44.     <u>Numerosity</u>:  The exact number of Class Members is presently unknown, but given that Mott's is the "#1 branded apple juice" in the United States (according to Defendant's 2012 Annual Report), it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

45.     <u>Typicality</u>:  Plaintiff's claims are typical of those of the Classes because Plaintiff and Class Members suffered injury in fact and lost money as a result of Mott's wrongful conduct.

46.     <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual Class Members.  These common legal and factual issues include the following:

(a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices by failing to properly package and label its Mott's 100% Apple Juice that it sold to consumers;

(b)     Whether Mott's 100% Apple Juice was misbranded as a matter of law;

(c)     Whether Defendant is prohibited under California law from using the No Sugar Added Label on Mott's 100% Apple Juice;

(d)     Whether Defendant had a duty to include a statement explaining that Mott's 100% Apple Juice is not "low calorie" or "calorie reduced" food and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content;

(e)     Whether Defendant made false, misleading, and/or untrue statements via

1     its labeling;

2          (f)     Whether Defendant violated the California Consumers Legal Remedies

3                  Act (Cal. Civil Code §§ 1750 *et seq.*);

4          (g)     Whether Defendant violated California Business & Professions Code §§

5                  17200 *et seq.*;

6          (h)     Whether Defendant violated California Business & Professions Code §§

7                  17500 *et seq.*;

8          (i)     Whether Defendant has violated the Sherman Food, Drug, and Cosmetic

9                  Law (Health & Saf. Code, §§ 109875 *et seq.*);

10         (j)     Whether Defendant has been unjustly enriched by the sales of

11                 misbranded Mott's 100% Apple Juice;

12         (k)     Whether Plaintiff and the Classes are entitled to equitable and/or

13                 injunctive relief;

14         (l)     Whether Defendant's unlawful, unfair, and/or deceptive practices

15                 harmed Plaintiff and the Classes; and

16         (m)     The method of calculation and extent of damages for Plaintiff and Class

17                 Members.

18         47.    <u>Adequate Representation</u>: Plaintiff will adequately protect the interests of Class

19 Members and has retained counsel experienced in consumer class action litigation.  Plaintiff

20 has no interests that are adverse to or conflict with those of Class Members.  Plaintiff is

21 committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained

22 counsel who are competent and experienced in handling class actions on behalf of consumers.

23         48.    <u>Predominance and Superiority</u>: Plaintiff and the Class Members have all

24 suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and

25 wrongful conduct.  A class action is superior to all other available methods for the fair and

26 efficient adjudication of this controversy since joinder of all members is impracticable.

27 Furthermore, as the amount suffered by individual Class Members may be relatively small, the

28 expense and burden of individual litigation make it impossible for Class Members to

individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

49. Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude class certification.

50. Among other things, each Class Member's interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context.

51. There are no likely difficulties in managing this case as a class action and the Plaintiff's counsel is experienced in class actions.

52. Moreover, the class definition is ascertainable and lends itself to class certification because Mott's 100% Apple Juice packaging is the same for all Class Members in that it fails to comply with California's Sherman Law by including statements such as "No Sugar Added," which are impermissible when the product does not resemble and substitute for a food that normally contains added sugars, as well as when the "No Sugar Added" label is included without a statement explaining the product is a not low or reduced calorie food, when, in fact, it is not.

### FIRST CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

53. Plaintiff incorporates by reference each allegation set forth above.

54. California Business and Professions Code sections 17200 *et seq.* prohibits "any unlawful, unfair or fraudulent business act or practice."

55. As set forth above, under FDA regulations wholly adopted by California's Sherman Law, a food or beverage product may not include a "No Sugar Added" claim if it

fails to indicate that it is not "low calorie" or "calorie reduced" (unless it qualifies as low or reduced calorie). 21 C.F.R 101, Subpart D, §101.60(c)(2)(v). In addition, a "No Sugar Added" claim is prohibited on foods that do not resemble and substitute for a food that normally contains added sugar. 21 C.F.R 101, Subpart D, §101.60(c)(2)(iv). Mott's 100% Apple Juice prominently features a "No Sugar Added" claim on its label and/or packaging, notwithstanding the fact that it fails to indicate it is not a low or reduced calorie food, and does not resemble and substitute for a food that normally contains added sugar. This is a clear violation of California's Sherman Law and, thereby, an "unlawful" business practice or act under Business and Professions Code sections 17200 *et seq.*

56. Mott's use of the No Sugar Added Label, as set forth herein, also constitutes an "unfair" business act or practice within the meaning of California Business and Professions Code sections 17200 *et seq.*, because any utility for Motts's conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy. As discussed above, the overconsumption of sugar has been associated with a variety of health problems, many of which can cause serious complications or death, including, but not limited to, heart disease, tooth decay, diabetes, and cancer. Deceptive practices of the type upon which Plaintiff's claims are based contribute to the overconsumption of sugars and are thereby directly linked to these grave social ills.

57. In addition, Mott's use of the No Sugar Added Label constitutes a "fraudulent" business practice or act within the meaning of Business and Professions Code sections 17200 *et seq.* The applicable food labeling regulations are carefully crafted to require that nutritional content claims be presented in a qualified and contextualized manner to protect the consuming public from being deceived. Mott's non-compliant No Sugar Added Label is an unqualified nutritional content claim that poses the very risk of deception the regulations were promulgated to protect against. By placing the No Sugar Added Label on a product that does not normally contain added sugars in the first place, and is not low or reduced calorie but does not bear a statement to that effect, Mott's has created the impression that its apple juice contains less sugar than other comparable apple juices. For example, a reasonable consumer

observing the label of Mott's 100% Apple Juice would be likely to believe, as did Plaintiff, that the product contains less sugar than competitors' brands that lack the "No Sugar Added" claim.  This is precisely the consumer confusion that that the labeling laws aim to prevent.

58.     Moreover, there were reasonable alternatives available to Mott's to further its legitimate business interests, other than the conduct described herein.  For example, Mott's could have complied with FDA requirements by excluding the "No Sugar Added" claim.

59.     Mott's used the No Sugar Added Label to induce Plaintiff and Class Members to purchase its apple juice.  Had Mott's not included the "No Sugar Added" claim, Plaintiff and Class Members would not have purchased the product, would have purchased less of the product, and/or would have paid less for the product.  Mott's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.  Having developed a liking for and interest in the product, Plaintiff intends to purchase Mott's 100% Apple Juice in the future, but only in reduced amounts consistent with his dietary restrictions.

60.     Mott's has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Mott's, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Mott's to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Mott's to correct its actions.

## SECOND CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

61.     Plaintiff incorporates by reference each allegation set forth above.

62.     Pursuant to California Business and Professions Code sections 17500 *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

63.     As explained above, Mott's No Sugar Added Label accompanies apple juice that does not resemble and substitute for a food that normally contains added sugars, and that

1   fails to state that it is not a low or reduced calorie food even though it is not, in violation of

2   governing food labeling regulations.

3       64.    As also explained above, the applicable food labeling regulations are carefully

4   crafted to protect the consuming public from being deceived.  Mott's No Sugar Added Label

5   is an unqualified nutritional content claim that poses the very risk of deception the regulations

6   were promulgated to protect against.

7       65.    Mott's is a multi-million dollar company advised by skilled counsel who, on

8   information and belief, are, or by the exercise of reasonable care, should be aware of the

9   governing regulations and their purpose, and the fact that the No Sugar Added Label does not

10  comply with them.

11      66.    Mott's use of the No Sugar Added Label therefore constitutes untrue and/or

12  misleading advertising within the meaning of Business and Professions Code sections 17500

13  *et seq*.

14      67.    Plaintiff, individually and on behalf of all others similarly situated, demands

15  judgment against Mott's for restitution, disgorgement, injunctive relief, and all other relief

16  afforded under Business & Professions Code Sections 17500, plus interest, attorneys' fees,

17  and costs.

**THIRD CAUSE OF ACTION**

**Violation of the Consumers Legal Remedies Act**

**(Cal. Civil Code §§ 1750 *et seq*.)**

21      68.    Plaintiff incorporates by reference each allegation set forth above.

22      69.    This cause of action is brought pursuant to the Consumers Legal Remedies Act,

23  California Civil Code sections 1750 *et seq.* ("CLRA").

24      70.    The CLRA has adopted a comprehensive statutory scheme prohibiting various

25  deceptive practices in connection with the conduct of a business providing goods, property, or

26  services to consumers primarily for personal, family, or household purposes.   The self-

27  declared purposes of the act are to protect consumers against unfair and deceptive business

28  practices and to provide efficient and economical procedures to secure such protection.

71.     Each defendant named herein is a "person," as defined by California Civil Code Section 1761(c), because they are corporations and/or companies as set forth above.

72.     Plaintiff and Class Members are "consumers," within the meaning of California Civil Code Section 1761(d), because they are individuals who purchased the Mott's 100% Apple Juice at issue in this complaint for personal and/or household use.

73.     Mott's 100% Apple Juice constitutes "goods," within the meaning of California Civil Code Section 1761(a), in that it is a tangible product bought by Plaintiff and Class Members for personal, family, and/or household use.

74.     Plaintiff's and Class Members' payments for Mott's 100% Apple Juice are "transaction[s]," as defined by California Civil Code Section 1761(e), because Motts's entered into an agreement to sell this product in exchange for Plaintiff's and Class Members' monetary compensation.

75.     Plaintiff has standing to pursue this claim as he has suffered injury in fact and has lost money as a result of Mott's actions as set forth herein.  Specifically, Plaintiff purchased Mott's 100% Apple Juice on various occasions.  Had Mott's not included the offending No Sugar Added Label on its products, Plaintiff would not have purchased the product.  Having developed a liking for and interest in the product, Plaintiff intends to purchase Mott's 100% Apple Juice in the future, but only in reduced amounts consistent with his dietary restrictions.

76.     Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."   As discussed above, Mott's No Sugar Added Label accompanies its 100% Apple Juice, which does not resemble and substitute for a food that normally contains added sugars, and which fails to state that it is not a low or reduced calorie food even though it is not, in violation of governing food labeling regulations.  As a result, by employing the No Sugar Added Label, Mott's effectively represented that its juice has sponsorship, approval, characteristics, uses, and benefits which it does not have under the governing law.

77.     Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  By employing the non-compliant No Sugar Added Label, Mott's similarly represented its 100% Apple Juice to be of a particular standard, quality, or grade which it is not under the governing law.

78.     Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."  As noted above, Mott's is a multi-million dollar company advised by skilled counsel who, on information and belief, are or by the exercise of reasonable care should be aware of the governing regulations and their purpose, and the fact that the No Sugar Added Label does not comply with them.  By introducing its 100% Apple Juice with the non-compliant No Sugar Added Label into the stream of commerce notwithstanding this knowledge, Mott's thus intentionally sold a misbranded product.

79.     Plaintiff has attached hereto as Exhibit A the declaration of venue required by Civil Code section 1780(d).

80.     On June 6th and June 10th of 2013, pursuant to section 1782 of the CLRA, Plaintiff notified Defendant Mott's LLP in writing of its particular violations of the CLRA and demanded that Defendant rectify the problems associated with the behavior detailed above, which acts and practices are in violation of Civil Code section 1770.  True and correct copies of the letters are attached hereto as Exhibit B.

81.     Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the Court deems proper.

82.     Because Defendant failed to rectify or agree to adequately rectify the problems associated with the actions detailed above, Plaintiff additionally seeks damages, restitution, punitive damages, attorneys' fees and costs, and any other relief under section 1780(a) of the CLRA pursuant to Civil Code section 1782(d).

**FOURTH CAUSE OF ACTION**

**Negligent Misrepresentation**

83.    Plaintiff incorporates by reference each allegation set forth above.

84.    Mott's owed a duty to Plaintiff and Class Members to exercise reasonable care in making representations about its Mott's 100% Apple Juice, which it offered for sale to consumers.

85.    Mott's knew, or should have known by the exercise of reasonable care, that a "No Sugar Added" claim may not be placed on the label of a food or beverage product that does not resemble and substitute for a food that normally contains added sugars, and/or that fails to indicate it is not a low or reduced calorie food when in fact it is not.  Nevertheless, Mott's negligently and/or recklessly included the non-compliant No Sugar Added Label described above on its widely distributed 100% Apple Juice that is sold in virtually every supermarket and drugstore nationwide and consumed by millions of people annually.

86.    Plaintiff and Class Members reviewed, believed, and relied upon the No Sugar Added Label when deciding to purchase Mott's 100% Apple Juice, how much and how often to purchase it, and at what price.

87.    As a direct and proximate result of Mott's negligent and/or reckless conduct, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Breach of Quasi-Contract**

88.    Plaintiff incorporates by reference each allegation set forth above.

89.    As a direct and proximate result of Mott's acts, as set forth above, Mott's has been unjustly enriched.

90.    Through unlawful and deceptive conduct in connection with the advertising, marketing, promotion, and sale of its 100% Apple Juice, Mott's has reaped the benefits of Plaintiff's and Class Members' payments for a misbranded product.

91.    Mott's conduct created a contract or quasi-contract through which Mott's received a benefit of monetary compensation without providing the consideration promised to

Plaintiff and Class Members. Accordingly, Mott's will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff and Class Members.

92. Plaintiff and Class Members are entitled to and seek through this action restitution of, disgorgement of, and the imposition of a constructive trust upon all profits, benefits, and compensation obtained by Mott's from its improper conduct as alleged herein.

## MISCELLANEOUS

93. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action, or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

94. Plaintiff requests a trial by jury of all issues which may be tried by a jury.

## PRAYER FOR RELIEF

95. Plaintiff, on behalf of himself and the Classes, requests the following relief:

 (a) An order certifying the Classes and appointing Plaintiff as Representative of the Classes;

 (b) An order certifying the undersigned counsel as Class Counsel;

 (c) A declaratory judgment that Mott's No Sugar Added Label is unlawful;

 (d) An order requiring Mott's, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

 (e) An order requiring Mott's to change the product packaging for Mott's 100% Apple Juice such that it complies with all applicable food labeling rules and regulations;

 (f) An order requiring Mott's to engage in corrective advertising regarding the conduct discussed above;

 (g) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded 100% Apple Juice during the relevant class period;

1        (h)     Punitive damages, as allowable, in an amount determined by the Court

2               or jury;

3        (i)     Any and all statutory enhanced damages;

4        (j)     All reasonable and necessary attorneys' fees and costs provided by

5               statute, common law or the Court's inherent power;

6        (k)     Pre- and post-judgment interest; and

7        (l)     All other relief, general or special, legal and equitable, to which Plaintiff

8               and Class Members may be justly entitled as deemed by the Court.

Dated:  February 24, 2014               Respectfully submitted,

Capstone Law APC

By:  /s/ Mark S. Greenstone
_____
Jordan L. Lurie
Mark S. Greenstone
Tarek H. Zohdy
Cody R. Padgett

Attorneys for Plaintiff Mohammed Rahman