1  Jordan L. Lurie (SBN 130013)
   Jordan.Lurie@capstonelawyers.com
2  Mark S. Greenstone (SBN 199606)
   Mark.Greenstone@capstonelawyers.com
3  Tarek H. Zohdy (SBN 247775)
   Tarek.Zohdy@capstonelawyers.com
4  Cody R. Padgett (SBN 275553)
   Cody.Padgett@capstonelawyers.com
5  Capstone Law APC
   1840 Century Park East, Suite 450
6  Los Angeles, California 90067
   Telephone:    (310) 556-4811
7  Facsimile:    (310) 943-0396

8  Attorneys for Plaintiff

9  **BAKER BOTTS L.L.P.**
   Kevin Sadler (SBN# 283765)
10 Kevin.sadler@bakerbotts.com
   1001 Page Mill Road
11 Building One, Suite 200
   Palo Alto, CA 94304-1007
12 Telephone:    (650) 739-7500
   Facsimile:    (650) 739-7699
13

14 (*Additional Counsel on following page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOTT'S L.L.P. and DOES 1 through 10,<br><br>Defendants | Case No. 3:13-cv-03482-SI<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTE FOR RESOLUTION BY COURT** |

1
2  Van H. Beckwith (admitted *pro hac vice*)
   Van.Beckwith@bakerbotts.com
3  Ryan L. Bangert (admitted *pro hac vice*)
   Ryan.Bangert@bakerbotts.com
4  2001 Ross Avenue
   Suite 600
5  Dallas, TX 75201-2980
   Telephone:    (214) 953-6500
6  Facsimile:    (214) 953-6503

7  Attorneys for Defendant
   MOTT'S L.L.P.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Judge Susan Illston's Standing Order dated October 15, 2013, Plaintiff Mohammed Rahman, ("Plaintiff") and Defendant Mott's L.L.P., ("Defendant" or "Mott's") submit this JOINT STATEMENT OF DISCOVERY DISPUTE FOR RESOLUTION BY COURT.  The parties have met and conferred by telephone regarding the discovery dispute presented here for resolution, including on March 19 and March 25.

**A.  Defendant's Statement**

Rahman filed this action nearly nine months ago, and discovery in the case has been open since December 2013.  Rahman's expert reports were due March 28, but Rahman declined to file any expert reports. Mott's expert reports, if any, are due on April 18, 2014.

Because fact discovery is open, Mott's wishes to take Rahman's deposition before its possible expert designations are due, and has properly noticed that deposition for April 2, 2014.  Despite repeated requests that have spanned more than a month, Rahman's attorneys have failed to provide a deposition date and now have objected to April 2, have refused to offer any alternative deposition date, and have said that they should not have to produce Rahman for deposition until after Mott's pending motion to dismiss is decided, which very likely will come after Mott's expert designations are due.

Because discovery is and has been open since December 2012, Plaintiff must sit for a deposition.  Further, it is reasonable and necessary for Mott's to seek Rahman's deposition before its possible expert designations are due including for purposes of deciding, now that Plaintiff has foregone experts, whether to submit any expert reports at all.

The events leading up to this dispute are as follows:

- February 27: Mott's requests that Rahman indicate availability for a deposition on March 12, 13, 14, or 17.
- March 3: Rahman's counsel states that none of the proposed dates will work, and says he will speak with his client and "get back to you with alternatives."
- March 11: Mott's counsel asks for an update on deposition dates.

- March 13: Rahman's counsel states that he will get back "shortly" on deposition dates. Mott's counsel requests that Rahman look at April 1, 2, or 3 as possible deposition dates.
- March 19: During a phone call to discuss deposition dates Rahman's counsel, for the first time, raises concerns that the deposition of Rahman is "premature" and asks Mott's to stipulate that it will not depose Rahman more than once.
- March 20: Given the short amount of time remaining until Mott's expert reports are due and the continued refusal by Rahman's counsel to provide deposition dates, Mott's counsel notices Rahman for deposition for April 2. Furthermore, to address concerns stated by Rahman's counsel, Mott's counsel confirms that Mott's will not seek to re-depose Rahman on any of the matters raised in the Second Amended Complaint.
- March 25: Mott's counsel again confers with Rahman's counsel by phone to discuss deposition scheduling and to confirm Rahman will be available for deposition on April 2. Rahman's counsel again argues that the deposition is "premature" and again refuses to provide a deposition date.
- March 26: Mott's counsel writes to Rahman's counsel and states that the deposition must move forward and seeks to confirm either April 2 or any date during that same week including April 1, 3, and 4.
- March 27: Rahman's counsel writes again argues that any deposition is "premature."
- March 28: Rahman foregoes expert witnesses.

When Rahman filed this lawsuit, he assumed the risk that he would be deposed at any time after discovery opened. Mott's is entitled to take Rahman's deposition, and intends to do so a reasonable amount of time before its expert reports must be served. Discovery has been open in the case for months. Counsel for Mott's has attempted for over a month to schedule a date for Rahman to be deposed to no avail, and those repeated and ultimately futile efforts more than satisfy Mott's meet and confer obligations. Mott's requests that the Court order Mr. Rahman's deposition occur on April 3 or 4 or during the week of April 7.

**B. Plaintiff's Statement**

Plaintiff is willing to be deposed, and he is not shirking his responsibility. However, it is Plaintiff's position that Plaintiff should not be deposed until there is a ruling on Defendant's pending Motion to Dismiss ("Motion"), the scope of the pleadings is settled and it is certain that this action will be proceeding. Defendant's Motion seeks to dismiss Plaintiff's Second Amended Complaint ("SAC") in its entirety, and if that motion is granted, there would be no point in deposing plaintiff. Moreover, Defendant has refused to stipulate it will not seek to re-depose Plaintiff in the future after the pleadings are settled should the motion be denied in whole or part. Plaintiff submits that is premature, potentially prejudicial and wasteful for the parties to proceed with Plaintiff's deposition now.

In the event that the Court grants Defendant's request, Plaintiff respectfully requests that his deposition date be set at least seven to ten days after the Court notifies the parties, at a time mutually agreeable to the parties, so that Plaintiff may provide adequate notice to his employer. Plaintiff works during the week and it is generally necessary for him to provide approximately one week advance notice to schedule a day off, which will not be possible if the Court grants Defendant's request to conduct Plaintiff's deposition the week of March 31 – April 4.

The only reason Defendant has provided to justify the need to depose Plaintiff now is the April 18, 2014 deadline for Defendant to submit its initial expert report in opposition to class certification. Plaintiff elected not to serve an initial expert report in support of class certification because, among other reasons, the claim sustained by the Court's Order on Defendant's previous motion to dismiss raises a purely legal issue. Furthermore, Plaintiff questions the connection between Plaintiff's deposition and Defendant's expert report which Defendant has declined to explain. In fact, despite repeated requests, Defendant has yet to explain, adequately or at all, why Plaintiff's deposition is critical prior to expert designation, especially where this case currently turns on a narrow, purely legal issue as this Court has recognized, and a motion to dismiss is still pending. Nevertheless, to assuage Defendant's concerns, Plaintiff has offered to submit a stipulation and proposed order extending the expert

1  designation date or, alternatively, to agree that Defendant will be permitted to file a
2  supplemental report should it wish to do so after taking Plaintiff's deposition.  These are
3  reasonable compromises. Defendant has rejected each of these proposals.
4       Defendant's request to compel Plaintiff's deposition as noticed should be denied for
5  the following additional reasons:

6  - <u>Defendant seeks to have the SAC dismissed in its entirety</u>.  While Plaintiff
7    believes the Motion lacks merit and should be denied in its entirety, in the
8    event this action is dismissed there would be no need for Defendant to depose
9    Plaintiff.  For Plaintiff's deposition to proceed Plaintiff must take an entire day
10   off work and Plaintiff's counsel must fly from Los Angeles to San Francisco.
11   Plaintiff and Plaintiff's counsel should not be put to this burden and expense
12   for no good reason. If the case is not dismissed, in the event the Plaintiff's
13   Motion is granted in any part, the scope of this case and Plaintiff's deposition
14   may be impacted.
15 - <u>The discovery cutoff in this case is June 30, 2014</u>.  This gives Defendant ample
16   time to depose Plaintiff after the Court rules on the pending Motion and the
17   pleadings are settled.
18 - <u>Defendant refuses to stipulate it will not seek to re-depose Plaintiff</u>.  Defendant
19   states above that it "will not seek to re-depose Rahman on matters raised in the
20   Second Amended Complaint."  To the extent this statement is made to suggest
21   Defendant has agreed not to seek to depose Plaintiff more than once, it is
22   inaccurate.  Because the pleadings are not settled, during the meet and confer
23   process Plaintiff's counsel specifically asked whether, should Plaintiff be
24   deposed now, Defendant would stipulate that it would not seek to re-depose
25   Plaintiff regardless of the ruling on the Motion and whether the SAC was
26   further amended.  Defendant said it could not so stipulate.  Plaintiff should not
27   be placed in jeopardy of being deposed multiple times.
28

- <u>Defendant did not satisfy its obligation to meet and confer in good faith</u>.  On March 19, 2014 the parties spoke about the above issues and Plaintiff's counsel suggested the parties stipulate to extend the expert deadline.  The parties agreed to discuss matters further the next week.  Instead, the next day, Defendant sent its notice unilaterally setting Plaintiff's deposition for April 2.  The parties spoke again on March 24, 2014, and Plaintiff's counsel again explained counsel's concerns.  Given that Defendant was unwilling to stipulate to an extension of the expert deadline, Plaintiff's counsel offered to stipulate that Defendant would be permitted to file a supplemental report following Plaintiff's deposition if it desired.  Defendant's counsel agreed to consider this suggestion.  The next day, counsel responded simply that it needed to take Plaintiff's deposition as noticed without further explanation.
- <u>Plaintiff's counsel is unavailable on the date noticed</u>.  Plaintiff's counsel who would be handling the deposition has a Federal Court hearing in another case on the date noticed (April 2) and has indicated that he is unavailable.

Plaintiff is willing to work with Defendant to select a mutually agreeable time for Plaintiff's deposition.  Plaintiff submits, however, that this date should be after the Court rules on the pending Motion and the pleadings are settled.

Dated:  March 31, 2014                              CAPSTONE LAW APC

                                      By:     __/s/ Mark S. Greenstone_____
                                              Jordan L. Lurie
                                              Mark S. Greenstone
                                              Tarek H. Zohdy
                                              Cody R. Padgett

                                              Attorneys for Plaintiff,
                                              Mohammed Rahman

Dated: March 31, 2014                           BAKER BOTTS L.L.P.

By:   /s/ Ryan L. Bangert

Kevin Sadler
Van H. Beckwith
Ryan L. Bangert

Attorneys for Defendant,
Mott's L.L.P.

---

**Certification of Compliance with N.D. Cal. L.R. 5.1(i)(3)**

I hereby certify that pursuant to N.D. Cal. L.R. 5.1(i)(3), I have obtained the authorization from the above signatories to file the above-referenced document, and that the above signatories concur in the filing's content.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 31, 2014.

By:   /s/ Ryan L. Bangert