IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MOTT'S LLP, a Delaware limited liability partnership; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | No. CV 13-3482 SI<br><br>**ORDER RE: DISCOVERY LETTER** |

Presently before the Court is the parties' joint discovery letter. Docket No. 52. In the letter, defendant moves for an order compelling plaintiff Mohammed Rahman to appear for a deposition on April 3 or 4, 2014 or during the week of April 7, 2014. Defendant argues that it properly noticed plaintiff's deposition for April 2, 2014, but plaintiff has objected to that date and has refused to offer an alternative deposition date. Defendant explains that it wishes to take plaintiff's deposition prior to the April 18, 2014 deadline for its rebuttal expert reports. In response, plaintiff argues that a deposition at this time would be premature in light of defendant's pending motion to dismiss the second amended complaint.

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). A district court "has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under Federal Rule of Civil Procedure 30(a)(1), "[a] party may, by oral questions,

depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." After consideration of the arguments raised in the joint discovery letter, the Court GRANTS defendant's discovery request and ORDERS plaintiff to appear for a deposition at some time between **April 7, 2014** and **April 11, 2014**.

**IT IS SO ORDERED.**

Dated: March 31, 2014

SUSAN ILLSTON
United States District Judge