IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MOTT'S LLP, a Delaware limited liability partnership; and DOES 1 through 10, inclusive,<br><br>    Defendants._____/ | No. CV 13-3482 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

A motion by defendant Mott's LLP ("Mott's) to dismiss plaintiff Mohammed Rahman's second amended class action complaint is scheduled for hearing on April 18, 2014. Docket No. 49. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons below, the Court DENIES Mott's motion to dismiss.

**BACKGROUND**

This is a consumer class action. Defendant Mott's is the manufacturer of various food products containing the statement "No Sugar Added" on their labels and/or packaging. Docket No. 48, Second Amended Complaint ("SAC") ¶¶ 1-2, 6. Plaintiff Mohammed Rahman alleges that the use of the statement "No Sugar Added" on Mott's 100% Apple Juice does not comply with the applicable Food and Drug Administration ("FDA") regulations, specifically 21 C.F.R. § 101.60(c)(2). *Id.* ¶¶ 2, 8-12.

Plaintiff further alleges that defendant's failure to comply with the FDA regulations violates California's Sherman Law ("Sherman Law"), California Health and Safety Code § 109875 et seq. *Id.* ¶¶ 2, 13-16. Plaintiff alleges that he purchased Mott's Original 100% Apple Juice after reading and relying on the product's "No Sugar Added" labeling and after observing that a competitor's 100% apple juice did not contain a "No Sugar Added" claim. *Id.* ¶ 31. Plaintiff alleges that he would not have purchased as much of the product as he did if it did not contain the "No Sugar Added" label. *Id.* ¶ 59.

On June 13, 2013, plaintiff filed a class action complaint in San Francisco County Superior Court against defendants Mott's and Dr. Pepper Snapple Group, Inc. ("Dr. Pepper"). Docket No. 1-1, Compl. ¶¶ 67-76. On July 26, 2013, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b) based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Docket No. 1, Notice of Removal. On August 30, 2013, plaintiff voluntarily dismissed Dr. Pepper. Docket No. 21. On August 30, 2013, defendant Mott's filed a motion to dismiss, Docket No. 22, and on September 30, 2013, plaintiff filed a first amended complaint ("FAC"), mooting the motion to dismiss. Docket No. 29. Defendant Mott's then moved to dismiss the FAC, Docket No. 31, and on January 29, 2014, the Court granted the motion in part, denied it in part, and granted leave to amend. Docket No. 46.

On February 24, 2014, plaintiff filed a second amended class action complaint ("SAC"), alleging causes of action for: (1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.; (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500 et seq.; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq.; (4) negligent misrepresentation; and (5) breach of quasi-contract. Docket No. 48, SAC. By the present motion, defendant Mott's moves to dismiss the entire action pursuant to the doctrine of primary jurisdiction and moves to dismiss certain causes of action for failure to state a claim.[1] Docket No. 49, Def.'s Mot.

---

[1] In the present motion, defendant Mott's does not move to dismiss claims under the unlawful prong of the UCL or claims for breach of quasi-contract, based on failure to state a claim. Hence, this order does not address those claims.

2

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

///

**DISCUSSION**

**I.      Primary Jurisdiction**

As an initial matter, defendant argues that the Court should dismiss the action under the primary jurisdiction doctrine because the SAC raises labeling claims that fall squarely within the scope of ongoing FDA rulemaking proceedings. Docket No. 49-1, Def.'s Mot. at 3-7. In response, plaintiff argues that the ongoing rulemaking proceedings referenced by defendant are unrelated to the claims in his complaint. Docket No. 50, Pl.'s Opp'n at 6-7.

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). "[T]he doctrine is a 'prudential' one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* "The doctrine does not, however, 'require that all claims within an agency's purview be decided by the agency.'" *Davel Communs., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1087 (9th Cir. 2006).

Although no fixed formula exists for applying the doctrine, the Ninth Circuit has traditionally examined the following factors: "'(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.'" *Clark*, 523 F.3d at 1115. The Ninth Circuit has explained that the doctrine "is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Brown v. MCI Worldcom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). The doctrine of primary jurisdiction may be invoked when an agency is addressing an issue through formal rulemaking procedures, as well as through adjudicative procedures. *See, e.g.*, *Clark*, 523 F.3d at 1114-16; *Kappelman v. Delta Air Lines, Inc.*, 539 F.2d 165, 169 (D.C. Cir. 1976).

"[F]ood regulation is undoubtedly in the purview of, and an area of 'special competence' for, the FDA." *Morgan v. Wallaby Yogurt Co.*, 13-cv-00296-WHO, 2013 U.S. Dist. LEXIS 144959, at *13

4

(N.D. Cal. Oct. 4, 2013); *accord Hood v. Wholesoy & Co, Modesto Wholesoy Co., LLC*, 12-cv-5550-YGR, 2013 WL 3553979, at *16 (N.D. Cal. Jul. 12, 2013). "[I]ssues of beverage labeling have been entrusted by Congress to the FDA, pursuant to the FDCA (and its related regulations) . . . ." *Astiana v. Hain Celestial*, 905 F. Supp. 2d 1013, 1015 (N.D. Cal. 2012).

However, the ongoing FDA rulemaking at issue is unrelated to the present claims. On March 3, 2014, the FDA published in the Federal Register a proposed rule entitled "Food Labeling: Revision of the Nutrition and Supplemental Facts Label." 79 Fed. Reg. 11,880 (Mar. 3, 2014). Defendant notes that the proposed rule would require food manufacturers to disclose the presence or absence of added sugar on a product's Nutrition Facts label. Def.'s Mot. at 4 (citing *id.* at 11,904, 11,969). But, plaintiff's claims do not concern statements made on the apple juice's Nutrition Facts label; rather, plaintiff's claims relate to nutrient content claims made on the product's front label. SAC ¶¶ 6-12. Nutrient content claims are governed by 21 C.F.R. § 101.13, which expressly states: "Information that is required or permitted by § 101.9 or § 101.36 . . . to be declared in nutrition labeling, and that appears as part of the nutrition label, is not a nutrient content claim and is not subject to the requirements of this section. If such information is declared elsewhere on the label or in labeling, it is a nutrient content claim and is subject to the requirements for nutrient content claims." Consistent with this, the March 3, 2014 proposed rule itself states in a section entitled "Impact on Other Regulations" that "issues related to nutrient content claims and health claims are outside the scope of the rulemaking." 79 Fed. Reg. at 11,889. Indeed, in the proposed rule the FDA expressly states that it denied requests to "amend [its] regulations to prescribe nutrient content claims and health claims related to 'added sugars,' [because] those requests are not considered within the scope of this proposed rule." *Id.* at 11903. Accordingly, the claims in the SAC are not implicated by the March 3, 2014 proposed rule.

Defendant notes that the FDA states in the proposed rule "that changes to the list of nutrients declared on the Nutrition Facts label . . . will likely affect other FDA regulations, including certain labeling requirements for foods in 21 C.F.R. part 101." 79 Fed. Reg. at 11,889. The FDA also states that it "plan[s] to evaluate the impact of the proposed changes to the Nutrition Facts and Supplemental Facts label, if finalized, on other FDA regulations," and "intend[s] to address, as appropriate, the impact on other FDA regulations in future separate rulemakings." *Id.* Defendant argues that this language

5

shows that the FDA intends to address the effects of its rule on nutrient content claims once the new labeling requirements are finalized. Docket No. 51, Def.'s Reply at 4. However, the language merely states that the FDA may engage in future rulemaking if the rule is finalized and if appropriate. At this time it is unclear whether the proposed rule will be finalized and whether future rulemaking would be necessary in light of the finalized rule. The Court declines to invoke the doctrine of primary jurisdiction based on speculation about what the FDA may do in the future. Accordingly, the Court denies defendant's motion to dismiss the action pursuant to the primary jurisdiction doctrine.

## II.     Plaintiff's UCL, FAL, and CLRA Claims

Plaintiff alleges causes of action against defendant for violations of the FAL, the CLRA, and the fraudulent prong of the UCL. SAC ¶¶ 53-82. Defendant argues that the Court should dismiss these claims because plaintiff has failed to allege sufficient facts showing that a reasonable consumer would be deceived by Mott's "No Sugar Added" labeling. Def.'s Mot. at 8-9. Defendant also argues that the Court should dismiss these claims because plaintiff has failed to adequately allege injury and damages. *Id.* at 7-8.

### A.     The Reasonable Consumer Standard

California's UCL prohibits any "fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." *Id.* § 17500. California's Consumer Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

False advertising claims under the FAL, the CLRA, and the fraudulent prong of the UCL are governed by the reasonable consumer standard. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Under the reasonable consumer standard, a plaintiff must show that members of the public are likely to be deceived. *Williams*, 552 F.3d at 938 ("The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." (internal quotation marks omitted)).

1 The question of whether a business practice is deceptive is generally a question of fact not amenable to determination on a motion to dismiss. *Id.* Nevertheless, "where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Werbel v. Pepsico, Inc.*, 2010 U.S. Dist. LEXIS 76289, at *8-9 (N.D. Cal. Jul. 2, 2010); *see also Williams*, 552 F.3d at 939 (explaining that dismissal is appropriate where "it was not necessary to evaluate additional evidence regarding whether the advertising was deceptive, since the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived").

Moreover, under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). The Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standard applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *See id.* at 1103-06; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To satisfy Rule 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)); *see also In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.").

In the SAC, plaintiff alleges that defendant's "No Sugar Added" labeling is likely to mislead the consuming public into believing that Mott's 100% Apple Juice is healthier and contains less sugar than comparable products. SAC ¶ 31. In dismissing plaintiff's prior complaint, the Court held that the above allegation by itself was insufficient to satisfy Rule 9(b)'s heightened pleading standard. Docket No. 46 at 14. Specifically, the Court noted that plaintiff failed to explain in his allegations why reasonable consumers would be likely to draw product comparison conclusions based on the labeling at issue, and plaintiff failed to allege what "comparable products" he was referring to in the complaint. *Id.* In the SAC, plaintiff has remedied the defects identified by the Court. Plaintiff alleges that while shopping, he observed the that the label of one of Mott's competitor apple juices, Treetop, did not contain a "No

7

1 Sugar Added" claim. SAC ¶ 31. Plaintiff alleges that this difference between the labels caused him to
2 believe that Mott's 100% Apple Juice contained less sugar and was healthier than Treetop's apple juice.
3 *Id.* In the SAC, plaintiff also identifies several competitor 100% apple juice products that do not make
4 "No Sugar Added" claims and have approximately the same amount of sugar and calories per ounce as
5 Mott's 100% apple juice. *Id.* ¶ 34. These allegations are sufficient to explain "how" the labeling at
6 issue is misleading to a reasonable consumer. Accordingly, the Court denies defendant's motion to
7 dismiss these claims for failure to satisfy Rule 9(b) and the reasonable consumer standard.

### B. Injury and Damages

Defendant argues that plaintiff has failed to adequately allege injury and damages because he alleges in the SAC that he likes and is interested in Mott's 100% Apple Juice and fully intends to purchase it in the future even though he knows that its labeling is allegedly unlawful and deceptive. Def.'s Mot. at 7-8. In response, plaintiff argues that he has sufficiently alleged an economic injury in the SAC because he alleges that defendant's representations caused him to purchase more of the product than he otherwise would have. Pl.'s Opp'n at 7-8.

At the pleading stage, a plaintiff asserting a claim under California's deception statutes "'satisfies its burden of demonstrating standing by alleging an economic injury.'" *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1375 (2012). The California Supreme Court has explained that "[t]here are innumerable ways in which economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011). Specifically, in *Kwikset* the California Supreme Court held that "a consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of section 17204 by alleging . . . that he or she would not have bought the product but for the misrepresentation." *Id.* at 330; *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013) ("[W]hen a consumer purchases merchandise on the basis of false price

8

information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL and FAL because he has suffered an economic injury.").

In the SAC, plaintiff alleges "[h]aving developed a liking for and interest in the product, [p]laintiff intends to purchase Mott's 100% Apple Juice in the future, but only in reduced amounts consistent with his dietary restrictions." SAC ¶ 59. Plaintiff further alleges "[h]ad Mott's not included the 'No Sugar Added' claim, Plaintiff and Class Members . . . would have purchased less of the product . . . ." *Id.* Defendant argues that the fact that plaintiff may purchase less juice in the future is insufficient to allege injury or damages because plaintiff is still willing to pay the full purchase price for the product irrespective of the alleged misrepresentations. Def.'s Reply at 6. The Court disagrees. Plaintiff alleges that he would not have purchased as much of the product as he did but for the misrepresentations. Thus, plaintiff alleges that he entered into more transactions and parted with more money than he would have absent the misrepresentations. "That increment, the extra money paid, is economic injury and affords the consumer standing to sue." *Kwikset*, 51 Cal. 4th at 330. Accordingly, plaintiff's allegations are sufficient to plead economic injury, and the Court denies defendant's motion to dismiss these claims for failure to adequately allege injury and damages.

### III. Plaintiff's Claim for Negligent Misrepresentation

Plaintiff alleges a cause of action against defendant for negligent misrepresentation. FAC ¶¶ 83-87. Defendant argues that this claim should be dismissed because the claim fails for the same reasons that plaintiff's FAL, CLRA, and UCL fraudulent prong claims fail, and because plaintiff has failed to properly plead justifiable reliance. Def.'s Mot. at 9-10.

Under California law, to state a claim for negligent misrepresentation, a plaintiff must allege that the defendant made: (1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201, n. 2 (9th Cir. 2001). "It is well-established in the Ninth Circuit that both claims for fraud and negligent

9

misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also, e.g.*, *Vidor v. Am. Int'l Group, Inc.*, 491 Fed. App'x 828, 829 (9th Cir. 2012) (holding that a district court properly dismissed plaintiff's fraud and negligence misrepresentation claims for failure to satisfy Rule 9(b)'s particularity requirement).

Defendant first argues that plaintiff's negligent misrepresentation claim should be dismissed because the claim relies on the same inadequate allegations of fraud as his FAL, CLRA, and UCL fraudulent prong claims. However, the Court has found plaintiff's allegations with respect to those claims to be adequate and has declined to dismiss those claims. Accordingly, the Court declines to dismiss plaintiff's claim for negligent misrepresentation on this basis.

Defendant also argues that plaintiff has failed to adequately plead justifiable reliance. To properly plead justifiable reliance "the plaintiff must set 'forth facts to show that his or her actual reliance on the representations was justifiable, so that the cause of the damage was the defendant's wrong and not the plaintiff's fault.'" *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1066 (2012). "There must be more pled than a simple statement plaintiff justifiably relied on the statements. The complaint must contain 'allegations of facts showing that the actual inducement of plaintiffs . . . was justifiable or reasonable.'" *Id.* at 1066-67. In the SAC, plaintiff alleges that he reasonably relied on the product's labeling because, while shopping, he observed the that the label of one of Mott's competitor apple juices, Treetop, did not contain a "No Sugar Added" claim. SAC ¶ 31. Plaintiff further alleges that this difference between the labels caused him to believe that Mott's 100% Apple Juice contained less sugar than and was healthier than Treetop's apple juice. *Id.* ¶¶ 31, 33. These allegations are adequate to plead justifiable reliance. Accordingly, the Court denies defendant's motion to dismiss plaintiff's claim for negligent misrepresentation.

///

///

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiff's second amended complaint. Docket No. 49.

**IT IS SO ORDERED.**

Dated: April 8, 2014

SUSAN ILLSTON
United States District Judge