United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,

    Plaintiff,

  v.

MOTT'S L.L.P., and DOES 1 through 10,

    Defendants.
    /

No. C 13-03482 SI

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL**

On August 1, 2014, plaintiff filed a motion for class certification and a motion for the appointment of class counsel. Docket No. 66. Along with his motion, plaintiff also filed a motion to seal portions of the motion for class certification and portions of Exhibit A and all of Exhibit D to the declaration of Robert K. Friedl filed in support of the motion. Docket No. 65.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling

1 reasons supported by specific factual findings that outweigh the general history of access and the public
2 policies favoring disclosure, such as the public interest in understanding the judicial process."
3 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations
4 and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive
5 motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at
6 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly
7 tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal.
8 Civil Local Rule 79-5(b).

9 "The Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive
10 motion for the purposes of determining whether the 'compelling reasons' standard applies." *Labrador*
11 *v. Seattle Mortgage Co.*, No. 08-2270 SC, 2010 U.S. Dist. LEXIS 95763, at *5 (N.D. Cal. Sept. 1,
12 2010). "Although courts in the Northern District 'have generally considered motions for class
13 certification nondispositive,' some have recognized that 'there may be circumstances in which a motion
14 for class certification is case dispositive.'" *Ramirez v. Trans Union, LLC*, 2014 U.S. Dist. LEXIS
15 67206, at *5 (N.D. Cal. May 15, 2014) (citations omitted). For example, "a motion for class
16 certification might be dispositive if 'a denial of class status means that the stakes are too low for the
17 named plaintiffs to continue the matter.'" *In re High-Tech Emp. Antitrust Litig.*, 11-CV-02509-LHK,
18 2013 U.S. Dist. LEXIS 6606, at *8 n.1 (N.D. Cal. Jan. 15, 2013) (quoting *Prado v. Bush*, 221 F.3d 1266,
19 1274 (11th Cir. 2000)).

20 In the motion and the supporting declaration, plaintiff states that he is moving to seal the portions
21 of the motion for class certification and Exhibits A and D to the Friedl declaration because these
22 documents contain information that has been designated as confidential by defendant pursuant to the
23 protective order in this case. Docket No. 65 at 1; Docket No. 65-1, Friedl Decl. ¶¶ 2-5. Under Civil
24 Local Rule 79-5(e), where "the Submitting Party is seeking to file under seal a document designated as
25 confidential by the opposing party or a non-party pursuant to a protective order . . . [,] [w]ithin 4 days
26 of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a
27 declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is
28 sealable." To date, the designating party has not filed the required declaration. Accordingly, the Court

DENIES plaintiff's motion to seal. Docket No. 65. This denial is without prejudice to the designating party filing the declaration required by Civil Local Rule 79-5(d)(1)(A) within seven days from the date this order is filed.[1]

**IT IS SO ORDERED.**

Dated: August 7, 2014

SUSAN ILLSTON
United States District Judge

---

[1] If after seven days, no party files the required declaration, then plaintiff must publicly file the documents at issue within seven days from that date pursuant to Civil Local Rule 79-5(f)(2).

3