IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED RAHMAN, individually, and on behalf of other members of the general public similarly situated,

        Plaintiff,

  v.

MOTT'S L.L.P., and DOES 1 through 10,

        Defendants.
                                   /

No. C 13-03482 SI

**ORDER DENYING PLAINTIFF'S MOTION TO SEAL**

      On August 1, 2014, plaintiff filed a motion for class certification and for the appointment of class counsel. Docket No. 66. Along with his motion, plaintiff also filed a motion to seal portions of the motion for class certification and portions of Exhibit A and all of Exhibit D to the declaration of Robert K. Friedl filed in support of the motion. Docket No. 65. On August 7, 2014, the Court denied plaintiff's motion to seal without prejudice to defendant filing the declaration required by Civil Local Rule 79-5(d)(1)(A) within seven days. Docket No. 67. On August 12, 2014, defendant filed the declaration of Van H. Beckwith in support of sealing the requested documents. Docket No. 69, Beckwith Decl.

      With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public

policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal. Civil Local Rule 79-5(b).

"The Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive motion for the purposes of determining whether the 'compelling reasons' standard applies." *Labrador v. Seattle Mortgage Co.*, No. 08-2270 SC, 2010 U.S. Dist. LEXIS 95763, at *5 (N.D. Cal. Sept. 1, 2010). "Although courts in the Northern District 'have generally considered motions for class certification nondispositive,' some have recognized that 'there may be circumstances in which a motion for class certification is case dispositive.'" *Ramirez v. Trans Union, LLC*, 2014 U.S. Dist. LEXIS 67206, at *5 (N.D. Cal. May 15, 2014) (citations omitted). For example, "a motion for class certification might be dispositive if 'a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter.'" *In re High-Tech Emp. Antitrust Litig.*, 11-CV-02509-LHK, 2013 U.S. Dist. LEXIS 6606, at *8 n.1 (N.D. Cal. Jan. 15, 2013) (quoting *Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000)).

The Court has reviewed the Beckwith declaration and concludes that plaintiff's motion to seal should be denied for two reasons. First, as noted above and in the Court's prior order, there may be circumstances where a motion for class certification is case dispositive, and, therefore, the "compelling reasons" rather than the "good cause" standard applies. Here there is no discussion in the declaration of whether the "compelling reasons" standard or the "good cause" standard should apply to the motion to seal, even though a review of the allegations in the complaint shows that this may very well be a case where a denial of class status means that the stakes are too low for the named plaintiff to continue the matter. *See generally* Docket No. 48, Second Amended Compl.

Second, even if the lower "good cause" standard applies to the motion to seal, the statements in the Beckwith declaration are insufficient to satisfy that standard. In the Beckwith declaration, defendant

states that the documents at issue contain confidential and proprietary information and the documents have been designated as confidential pursuant to the protective order in this case. Docket No. 69, Beckwith Decl. ¶¶ 4-5. However, good cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal." *Bain v. AstraZeneca LP*, No. C 09-4147 CW, 2011 U.S. Dist. LEXIS 15965, at *2 (N.D. Cal. Feb. 7, 2011). To make the lower showing of good cause, the requesting party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Here, defendant has failed to make the required particularized showing. Accordingly, the Court DENIES plaintiff's motion to seal. Therefore, plaintiff must publicly file the documents at issue on CM/ECF within seven days from the date this order is filed as required by Civil Local Rule 79-5(f)(2). This order resolves Docket No. 65.

**IT IS SO ORDERED.**

Dated: August 21, 2014

SUSAN ILLSTON
United States District Judge