UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED RAHMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MOTT'S LLP,<br><br>　　　　Defendant. | Case No. 13-cv-03482-SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION; AND ORDER REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT**<br><br>**RE: DKT. NO. 122** |

Plaintiff Mohammed Rahman has filed a motion for reconsideration of this Court's October 14, 2014 order, in light of the Ninth Circuit's holding in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017), *amended on denial of reh'g*, 889 F.3d 956 (9th Cir. 2018). Dkt. No. 122, Mot. at 6-9; *see also* Dkt. No. 83, Order at 7-11. Plaintiff seeks reconsideration of the portion of the Order that determined plaintiff lacked Article III standing to pursue injunctive relief. Dkt. No. 122, Mot. at 1:6-7. The motion is set for hearing on September 28, 2018. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

The facts of this case are recited at greater length in the Court's October 14, 2014 Order. *See* Order at 1-4. This is a consumer class action. Defendant Mott's is the manufacturer of various food products containing the statement "No Sugar Added" on their labels and/or packaging. Dkt. No. 48, Second Amended Complaint ("SAC") ¶¶ 1-2, 6. Plaintiff Mohammed Rahman alleges that the use of the statement "No Sugar Added" on Mott's 100% Apple Juice does

1  not comply with applicable Food and Drug Administration regulations, specifically 21 C.F.R
2  § 101.60(c)(2). *Id.* ¶¶ 2, 8-12. On August 12, 2014, defendant filed a motion for summary
3  judgment of plaintiff's SAC. Dkt. No. 68. This Court granted in part and denied in part
4  defendant's motion. Order at 16-17. As relevant here, the Court held plaintiff "lacks Article III
5  standing for injunctive relief" because plaintiff "cannot plausibly prove that he will, in the future,
6  rely on the 'No Sugar Added' statement to his detriment." *Id.* at 10.

On December 3, 2014, the Court denied plaintiff's motion for class certification. Dkt. No. 90. Plaintiff appealed the Court's decision, and the Ninth Circuit affirmed the decision on July 5, 2017. *Rahman v. Mott's LLP*, 693 Fed. Appx. 578, 580 (9th Cir. 2017). The Ninth Circuit issued its mandate on October 19, 2017. Dkt. No. 116.

On October 20, 2017, the Ninth Circuit held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson*, 873 F.3d at 1115 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009)).

Now before the Court is plaintiff's motion to reconsider, filed on December 1, 2017. Mot. Plaintiff seeks reconsideration of this Court's finding that plaintiff lacks Article III standing for injunctive relief in light of the Ninth Circuit's holding in *Davidson*. *Id.* at 13. Alternatively, plaintiff asks this Court to remand the action to state court if plaintiff lacks standing. *Id.*

## LEGAL STANDARD

District courts have "the inherent procedural power to reconsider, rescind, or modify an interlocutory order" before entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 52(b) (providing that any findings may be amended up to 28 day after judgment is entered). Reconsideration is appropriate where a party can demonstrate (1) "reasonable diligence in bringing the motion," and (2) "[t]hat . . . a material difference in fact or law exists from that which was presented to the

Court . . . that in the exercise of reasonable diligence the party applying for reconsideration did not know," "[t]he emergence of new material facts or a change of law," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments." Civil L.R. 7-9(b).

**DISCUSSION**

**I.    Plaintiff Acted Diligently In Seeking Reconsideration.**

Plaintiff requested leave to file a motion to reconsider fewer than thirty days after the Ninth Circuit issued the *Davidson* opinion. Dkt. No. 119. The Court granted plaintiff leave to file his motion on November 20, 2017. Dkt. No. 120. Plaintiff argues that he "acted with diligence in bringing this motion." Mot. at 12. Defendant does not argue otherwise. The Court agrees that plaintiff acted diligently in seeking reconsideration.

**II.   Reconsideration Is Merited Because Of A Change Of Law.**

The Ninth Circuit issued its opinion in *Davidson v. Kimberly-Clark Corp.* on October 20, 2017. 873 F.3d 1102. The Circuit later amended its opinion after denying rehearing *en banc* on May 9, 2018. 889 F.3d 956. There, plaintiff Jennifer Davidson sought to enjoin defendant Kimberly-Clark Corp. from labeling four types of pre-moistened wipes as "flushable." *Id.* at 961. The Ninth Circuit held that "[a] consumer's inability to rely on a representation made on a package, even if the consumer knows or believes the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising." *Id.*

This Court previously found that "[c]ourts in this circuit have taken different approaches to standing analysis in cases involving alleged violations of California's unfair competition laws by purveyors of food and other consumer products." Order at 8; *see also id.* at 8-9 (describing different approaches). The Ninth Circuit recognized this split and "resolve[d] this district court split in favor of plaintiffs seeking injunctive relief." *Davidson*, 889 F.3d at 969. Thus, *Davidson* effected a change of law meriting reconsideration of whether plaintiff has standing to pursue injunctive relief.

3

### III. Plaintiff Does Not Have Article III Standing.

Plaintiff asks the Court to reconsider its finding that plaintiff lacks Article III standing for injunctive relief. To have standing to obtain injunctive relief, a plaintiff must allege that a "real or immediate threat" exists that he will be wronged again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o establish standing to pursue injunctive relief, . . . [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future."). The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). The alleged threat cannot be "conjectural" or "hypothetical." *Lyons*, 461 U.S. at 101-02. "[A] previously deceived consumer may have standing to seek an injunction against *false* advertising or labeling, even though the consumer now knows or suspects that the advertising was *false* at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson*, 889 F.3d at 969 (quoting *Summers*, 555 U.S. at 493; emphasis supplied).

The Court previously denied plaintiff's claim for injunctive relief because plaintiff could not plausibly claim that he will, in the future, rely on the "No Sugar Added" statement to his detriment, since whatever his prior state of knowledge, "Rahman is now fully aware that 'No Sugar Added' simply means that no sugar was added to a product, not that the product does not contain sugar or is a good beverage for a Type 2 diabetic to drink." Dkt. No. 83 at 10. This Court now reconsiders this finding in light of *Davidson*. [1]

---

[1] On July 30, 2018, Judge Dale Fischer filed an opinion in *Wilson, et al. v. Odwalla, Inc., et al.*, No. 17-2763 DSF (FFMX), 2018 WL 3830119 (C.D. Cal. July 30, 2018). There, plaintiff sought to enjoin defendant Odwalla from labeling its Odwalla 100% orange juice with the label "No Added Sugar." The court held that plaintiff's claims failed on the merits because the "No Added Sugar" statement does not violate federal law, based on an August 31, 2017 letter from the FDA interpreting 21 C.F.R. §101.60(c)(2). This recent interpretation letter was not available to this Court in 2013 and 2014, when ruling on various motions in this case, and it might have suggested a different result. However, the current motion involves only the question of Article III standing to pursue injunctive relief, so this Court does not now revisit prior rulings on the merits.

4

1 Under *Davidson*, there are two scenarios where a previously deceived plaintiff may have 2 standing to seek injunctive relief. *Id.* at 969-70. First, "the threat of future harm may be the 3 consumer's plausible allegations that she will be unable to rely on the product's advertising or 4 labeling in the future, and so will not purchase the product although she would like to"; and 5 second, "the threat of future harm may be the consumer's plausible allegations that she might 6 purchase the product in the future, despite the fact that it was once marred by false advertising or 7 labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* (citing 8 *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D 523, 533 (N.D. Cal. 2012); *Lilly v. Jamba Juice Co.*, 9 13-cv-02998-JST, 2015 WL 1248027, at *4 (N.D. Cal. Mar. 18, 2015); *Richardson v. L'Oreal* 10 *USA, Inc.*, 991 F. Supp. 2d 181, 194-95 (D.D.C. 2013)).

11 Plaintiff asserts that his "allegations and testimony that he *intends* to purchase Mott's 12 100% Apple Juice again, but only when its label complies with the law, falls within the 'intends to 13 buy again' group of plaintiffs who have Article III standing." Mot. at 8 (emphasis in original). 14 Defendant counters that *Davidson* "make[s] clear that its holding applies only to reasonable 15 consumers who previously have been deceived and plausibly face *future* harm based on continued 16 deception." Opp'n at 4 (emphasis in original). Under this interpretation, defendant asserts that 17 plaintiff was never deceived, and "[e]ven assuming that Rahman had shown past deception, the 18 future-harm scenarios outlined in *Davidson* are inapplicable here." *Id.*

19 The Southern District of California issued its opinion in *Fernandez v. Atkins Nutritionals,* 20 *Inc.* on January 3, 2018. No. 317CV01628GPCWVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018). 21 In *Fernandez*, plaintiff Cheryl Fernandez alleged that she was misled by defendant Atkins 22 Nutritionals Inc.'s labeled snack products that showed "net carbs" without clarifying that the net 23 carbs calculation used was different from other calculation methods. *Id.* at *2. The court found 24 that plaintiff would not suffer future harm because she "now knows how Atkins goes about 25 calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or 26 Target and looks at Atkins's labels." *Id.* at *15. The plaintiff admitted that "she now has 27 knowledge that enables her to make an appropriate choice with respect to Atkins's products." *Id.* 28 Unlike in *Davidson* where there was a continued risk that the plaintiff could not rely on the label

5

to determine whether wipes were flushable in the future, in *Fernandez*, once the plaintiff understood how to interpret the label there was "no longer any risk" that the plaintiff would be misled. *Id.*

Here, plaintiff has alleged past deception. Plaintiff claims the "No Sugar Added" label "caused [p]laintiff to believe that Mott's 100% Apple Juice contained less sugar than, and was healthier than, other 100% apple juices." SAC ¶ 31. Defendant asserts that plaintiff was not deceived because the statement was true and plaintiff "understood that 'No Sugar Added' meant that no sugar had been added to the product." Opp'n at 4 (citing Dkt. No. 68-3, Rahman Dep. at 125:6-11). In either case, plaintiff is now aware that "No Sugar Added" means simply that no sugar was added, and does not indicate that Mott's 100% Apple Juice contains less sugar than or is healthier than other 100 percent apple juices.

Plaintiff asserts that he "intends to purchase Mott's 100% Apple Juice in the future." SAC ¶ 32. Defendant does not contest this, and admits that "Rahman wants to buy the exact same product." Opp'n at 6. Here, even if plaintiff were misled by the "No Sugar Added" statement to believe that Mott's 100% Apple Juice "contained less sugar than, and was healthier than, other 100% apple juices," SAC ¶ 31, he is now aware that such a belief was unfounded. This Court agrees with the reasoning in *Fernandez* and finds that there is no future risk that plaintiff will be misled by the "No Sugar Added" label. Unlike *Davidson,* where a consumer's inability to rely on packaging misrepresentations in the future was an ongoing injury, Rahman is able to rely on the packaging now that he understands the "No Sugar Added" label.

## IV. Plaintiff May Not Seek Injunctive Relief.

Plaintiff asserts that under California law, "if Plaintiff has Article III standing to pursue injunctive relief, he can do so without an order certifying a class." Mot. at 10 (citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)). As discussed above, plaintiff does not have Article III standing and is not entitled to injunctive relief under federal law.

*///*

**V. Remand**

A district court may order remand to state court either for lack of subject matter jurisdiction or for any defect in the removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Whether a case arises under federal law pursuant to 28 U.S.C. § 1331 "turns on the 'well-pleaded complaint' rule[,]" that is, federal jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations omitted).

Here, plaintiff's claims for relief under the UCL, CLRA, and FAL do not "aris[e] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Accordingly, this action is hereby REMANDED to the Superior Court for the County of San Francisco for lack of federal jurisdiction. The clerk is directed to close the file in this case.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES plaintiff Mohammed Rahman's motion to reconsider and REMANDS to the Superior Court for the County of San Francisco.

**IT IS SO ORDERED**.

Dated: September 25, 2018

SUSAN ILLSTON
United States District Judge

7